**In re Oris Melvin HICKS, aka Mel Hicks fdba M & J Services, Debtor.**

**Kathryn A. BELFANCE, Trustee of the Estate of Oris Melvin Hicks, Plaintiff,**

**v.**

**Oris Melvin HICKS, Debtor-Defendant.**

**Bankruptcy No. 579–1006.**

United States Bankruptcy Court, N. D. Ohio.

March 28, 1980.

David Hunter, Akron, Ohio, for debtor.

Kathryn Belfance, Akron, Ohio, trustee.

### FINDING SUSTAINING OBJECTIONS TO EXEMPTION CLAIM

HAROLD F. WHITE, Bankruptcy Judge.

The Trustee, Kathryn Belfance, filed an objection to the debtor's claim of a $5,000.00 homestead in which he asserts as an exemption a promissory note executed on September 17, 1979 in the amount of $14,000.00. To secure payment of said note, a mortgage deed was executed to the debtor by Joanne Hicks. The mortgage deed was duly recorded on October 18, 1979.

The debtor opposed the Trustee's objection and the matter was submitted to the Court based upon the pleadings and stipulation as filed.

### FINDING

1. Oris Melvin Hicks, the debtor, has been domiciled in the State of Ohio for a period longer than 6 months prior to the

filing of the petition in bankruptcy on November 15, 1979.

2. Oris Melvin Hicks was divorced from Joanne Hicks on August 28, 1979.

3. The debtor quit claimed all right and title in the premises known as 4049 Mayfair Road, Uniontown, Ohio to Joanne Hicks.

4. Joanne Hicks executed a note for the sum of $14,000.00, plus five and a quarter percent interest, to the debtor. She also executed a mortgage deed on the premises to the debtor as security for said note.

5. The note was due and payable upon the occurrence of five events as follows:

A. The death of Joanne Hicks;

B. The remarriage of Joanne Hicks;

C. When the minor child attains the age of 18 years, or dies;

D. If Joanne Hicks should sell the said premises located at 4049 Mayfair Road, Uniontown, Ohio 44685; or

E. If Joanne Hicks should live in concubinage.

6. Custody and control of the minor child was given to Joanne Hicks and the debtor was ordered to pay $40.00 a week for support of the minor child. The quit claim deed was delivered by Joanne Hicks on or about September 20, 1979. In the transfer of said property Joanne Hicks agreed to assume the outstanding mortgages on said premises and save the debtor harmless therefore.

7. None of the five events set forth in the note as conditions of payment have happened as of this date.

8. Joanne Hicks and the minor child now reside in said premises.

## ISSUE

Does the mortgagee's interest in the real estate in which the dependent of the debtor resides which secures payment of a promissory note constitute an interest in the real estate so as to qualify the debtor for the $5,000.00 homestead exemption under ORC 2329.66(A)(1)?

## LAW

The Bankruptcy Reform Act of 1978 permits an individual debtor in Bankruptcy to exempt certain items of property listed in 11 U.S.C. Section 522 of the Bankruptcy Code.

However, 11 U.S.C. § 522(b)(1) specifically states: ". . . unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize."

The Ohio Legislature in enacting 2329.662 of the Revised Ohio Code specified that Ohio law does not authorize debtors who are domiciled in Ohio to exempt the property specified in 11 U.S.C. Section 522(d). This change in Ohio law became effective on September 28, 1979 prior to October 1, 1979 the effective date of 11 U.S.C. § 522(d).

Formerly Ohio Revised Code 2329.73 permitted a husband and wife living together "a widow or a widower living with an unmarried daughter or unmarried minor son . . ." to hold exempt from sale on judgment or order a family homestead not exceeding $1,000.00 in value.

Ohio Revised Code 2329.77 provides for the application of homestead to be set off by metes and bounds not to exceed $1,000.00 in value. Under today's economic circumstances, this is rather impractical. Therefore, ORC 2329.77 states when a lien precludes the allowance of homestead under 2329.77 the amount of $500.00 of residue of the proceeds may be paid to the debtor or his family. This section and ORC 2329.78–81 inclusive pertaining to homestead in Ohio have now been repealed by ORC 2329.-66 as amended.

A synopsis of Ohio House Bill 674 was prepared for the Ohio Senate Judiciary Committee and reported in the Senate Journal. The author states on page 7, paragraph (b) *Other homestead-related provisions*;

However, as noted above in item (1) of part II, division (A)(1) of section 2329.66 would provide *every person* domiciled in this state (irrespective of marital or

'child' status) with a new 'homestead' exemption consisting of his interest, not to exceed $5,000, in the real or personal property that he or one of his dependents uses as a residence. (The new exemption is not called a 'homestead' . . .)

Further in the same report on Page 8 under part (d) *Section 2329.66* it is stated: "(1) category (1) would be amended to refer to and reflect the new homestead exemption of division (A)(1) of section 2329.66 (which extends to real or personal property used as a place of residence) (described in item (1) of part II, above)."

Therefore, the State of Ohio gives every person domiciled in Ohio a $5,000.00 interest in the real or personal property that he/she or one of the dependents uses as a residence. The debtor in this case does not reside in the residence, but claims the exemption because his child is in the custody of his former wife who lives in the real estate which is secured by the mortgage for payment of the debt by his former wife.

Mrs. Hicks now is the owner of the real estate and would have a right to claim a $5,000.00 interest in the real estate for her benefit and that of the child should a foreclosure execution, or lien sale be brought against her. Therefore, it is apparent that the right of the child is protected.

The issue to be determined by this Court is whether the mortgage deed is an interest in real estate in Ohio and can be claimed as exempt by the mortgagee. A mortgage in Ohio is considered personal assets in the hands of an executor or an administrator of an estate.

In *37 O.Jur.*2d 308 section 127 states: It is now settled in Ohio that, both in law and equity, a mortgage is regarded merely as security for the payment of debt or the performance of an obligation, and in so far as the mortgage purports to convey property, it is a conveyance of the bare legal title to the mortgagee solely for the purpose of enabling him to enforce the obligation. The mortgagor's interest, though it is strictly speaking, an equitable interest only, since the technical legal title is in the mortgagee, is nevertheless regarded as legal ownership as against any one not claiming under the mortgage; therefore, the present view is that until breach of the condition of defeasance, the legal and equitable title to the mortgaged property remain in the mortgagor.

The law, therefore, is clear that the mortgage on real estate is security for an obligation to which the mortgage is merely incidental thereto.

The obligation to pay the note of $14,-000.00 by Mrs. Hicks, the debtor, is the obligation that is due the debtor. Only when there is a default declared upon payment of the note may the mortgagee enforce his right under the mortgage.

It is true that the exemption statute is to be liberally construed. The Court must inquire as to the object for which the law was framed and the construction must be adopted that will promote its purpose. See *Dennis v. Smith*, 125 Ohio St. 120, 180 N.E. 638 (1932).

The Ohio legislature was aware when it amended the exemption statutes in September 1979 that some persons would not have an interest in real estate and would be unable to claim the $5,000 exemption set forth in ORC 2329.66(A)(1) and they did provide that the debtor could claim an additional exemption of $500.00 interest in personal property as provided for under ORC 2329.66(A)(4)(d) when the bankrupt was unable to claim the exemption under 2329.-66(A)(1).

Certainly had the Ohio legislature intended to allow a $5,000.00 interest in other property when the said debtor could not claim an exemption in real estate, they could have provided for that provision as was done in the State of Virginia under Title 34, Chapter 2, subsection 34–4 where the debtor was allowed to claim $5,000 out of the money and debts due him where he did not have real estate.

Therefore this Court concludes that it was not the intention of the Ohio Legislature to allow an exemption out of money and debts due the said debtor in a bank-

ruptcy proceedings when he does not have an interest in real property or personal property used as a residence.

Therefore, having determined that a mortgagee does have an interest in the property, the objection to the homestead exemption as raised by the Trustee should be sustained.

All parties may have their exceptions to the entry of this order.