In re Quince L. GOODIN, Debtor.

Bankruptcy No. 1–82–00315.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 13, 1983.

Mark A. Kramer, Cincinnati, Ohio, for debtor.

Milton E. Burchett, Cincinnati, Ohio, trustee in bankruptcy.

MEMORANDUM DECISION

BURTON PERLMAN, Bankruptcy Judge.

Debtor filed a voluntary Chapter 7 petition. On his schedule for the listing of exempt property debtor, pursuant to Ohio Revised Code § 2329.66(A)(1), claimed a real estate exemption in the amount of $5,000.00 for real estate at 3744 Nightingale Drive. The trustee in his Report regarding exempt property disallowed the exemption. Debtor filed an objection to the Trustee's Report on the grounds that: (1) the Report was not timely filed within the requirements of Bankruptcy Rule 403, and (2) the exemption in question is lawfully claimed and allowable under O.R.C. § 2329.66(A)(1). The matter came on for hearing at which time we overruled the debtor's objection to the Trustee's Report. Debtor, did not press the timeliness issue and our ruling was based on the allowability of the exemption. This written decision supports and explains our oral ruling.

The facts are that debtor is divorced. He holds a second mortgage on a marital residence at which his ex-wife and child still reside, though, of course, he does not. Debtor quit-claimed all of his interest in the real estate to his wife at the time of their divorce. The debtor now holds a promissory note from his ex-wife in the amount of $6,500.00, secured by a second mortgage. The note is without interest and it matures on October 14, 1983 when the couple's minor child reaches the age of 18.

Ohio Revised Code § 2329.66 states in pertinent part that:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence: ..."

The issue before us is whether the debtor has such an interest in the real estate as will permit him to claim an exemption pursuant to this section. Debtor contends that his mortgage constitutes such an "interest". Since as well his dependent, his son, still resides at the premises, debtor says that all requirements for allowance of the exemption are met.

This position requires that we examine the nature of mortgage interests. It is stated at 37 O.Jur.2d Mortgages § 127 (1959) that,

"It is now settled in Ohio that, both in law and equity, a mortgage is regarded merely as security for the payment of debt or the performance of an obligation, and in so far as the mortgage purports to convey property, it is a conveyance of the bare legal title to the mortgagee solely for the purpose of enabling him to enforce the obligation. The mortgagor's interest, though it is, strictly speaking, an equitable interest only, since the technical legal title is in the mortgagee, is nevertheless regarded as legal ownership as against anyone not claiming under the mortgage; therefore the present view is that until breach of the condition of defeasance, the legal and equitable title to the mortgaged property remain in the mortgagor."

See generally, *Levin v. Carney,* 161 Ohio St. 513, 120 N.E.2d 92 (1954) and *Ranney v. Hardy,* 43 Ohio St. 157, 1 N.E. 523 (1885). It is also stated at 37 O.Jur.2d Mortgages § 49:

"It has often been said that the dominant feature of a real estate mortgage is that it is security for an obligation to which it is collateral, and, therefore that the obligation secured is regarded as the primary obligation and the mortgage as merely incidental thereto ... Destroy the obligation, and the mortgage dies with it, for the incident cannot survive the thing to which it is incidental."

See generally, *Kerr v. Lydecker,* 51 Ohio St. 240, 37 N.E. 267 (1894), and *Klein v. Clark,* 59 Ohio Op. 286, 135 N.E.2d 85 (Common Pleas Ct.1955). Under Ohio law, then, the mortgage held by debtor is security for the obligation of his ex-wife to pay him $6,500.00. The mortgage is merely incidental to the basic obligation. The question is whether this interest is an interest contemplated by § 2329.66(A)(1).

We have been unable to find any Ohio legislative history which illuminates the intended scope by the Ohio legislature when it employed the word in the statute. We have also examined the pertinent law and find that some courts have dealt with the question. In *In Re Hicks,* 3 B.R. 459 (Bkrtcy., N.D.Ohio, 1980), the court, faced with an almost identical fact pattern as that before us, examined Ohio mortgage law and concluded that a mortgage holder does not have the requisite interest to qualify for the exemption. In *In the Matter of Cunningham,* 5 B.R. 709, 711 (Bkrtcy., D.Mass.1980), the court, construing similar language found in 11 U.S.C. § 522(d)(1), acknowledged that the key word is "interest" and in the decision saw such an interest as one involving ownership. Id. In *Lawson v. Liberty National Bank and Trust Co.,* 18 B.R. 384, 387 (Dist.Ct.N.Y.1982) the court stated that "[t]he property subject to exemptions under section 522(d)(1) is that property owned by the debtors at the time of the filing of the petition."

In the light of all of the foregoing, we have concluded that debtor does not have such an interest in the real estate as would entitle him to an exemption under § 2329.-66(A)(1). We have seen that under settled Ohio law, debtor's interest in the realty is a security interest. The mortgage is merely incidental to the debt owed to him by his ex-wife. In order to qualify for the exemption, debtor would have to show an ownership interest. We have no difficulty in distinguishing for present purposes between that and debtor's mortgage interest.

The purpose of exemptions is to create a subsistence floor, set at some level by the legislature, so that individuals may continue to live at that level despite the claims of creditors. The particular exemption regarding realty is out of concern that a debtor and his dependents not be left with-

out shelter. Debtor's mortgage interest in realty has nothing whatsoever to do with that societal objective.

Accordingly, we hold that the exemptions sought by debtor should not be allowed, and the objection to the Trustee's Report is overruled.

SO ORDERED.