In re Robert Glen **GILLILAND**, Debtor.

**EMPLOYES' CREDIT UNION, a Kansas Not-For-Profit Corporation, Plaintiff,**

v.

**Robert GILLILAND, Defendant.**

**Bankruptcy No. 82–01172–1.**

United States Bankruptcy Court, W.D. Missouri, W.D.

June 8, 1984.

James R. Piedimonte, Independence, Mo., for debtor/defendant.

James F. Adler, Colin C. Gage, Kansas City, Mo., for plaintiff.

John R. Stonitsch, Kansas City, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

FRANK P. BARKER, Jr., Chief Judge.

This matter is before this Court pursuant to Plaintiff, Employes' Credit Union's Objection to Homestead Exemption claimed by the debtor/defendant. Suggestions were filed by both parties.

On December 9, 1981, Robert Gilliland, debtor/defendant, and his wife, Gloria Gilliland, entered into a Property Settlement pursuant to their marital dissolution proceedings. In paragraph (I)(c) of the Property Settlement, the debtor/defendant quit claims all his right, title, and interest in the marital residence to his ex-wife. Also on December 9, 1981, Circuit Judge H. Michael Colburn, signed a Judgment Entry which states that the real property becomes the "sole and separate property" of the ex-wife. Additionally, the document required the ex-wife to execute in favor of the debtor a promissory note secured by a deed of trust on the residential real estate. The note was in the principal amount of $10,000.00 with nine per cent per annum interest payable upon the happening of certain enumerated events. One such event is the sale of the residence. The ex-wife and two minor children lived in the residence until February, 1984, when the home was sold.

Robert Gilliland sought relief under Chapter 7 of the Bankruptcy Code on April 19, 1982. His case was closed and all debts discharged on November 23, 1982. However, on December 29, 1982, the bankruptcy trustee was granted leave to re-open the case upon discovery of additional assets. On January 10, 1983, the debtor filed a motion claiming $7,840.00 of the promissory note exempt from execution based upon the homestead exemption. On February 28, 1984, this Court Ordered Gary Johnson of Standard State Bank to pay to the trustee the sum of $11,350.00 from the proceeds of the sale of the residence in satisfaction of the promissory note. Employes' Credit Union filed an Objection to the

Homestead Exemption on February 28, 1984.

## CONCLUSIONS OF LAW

When the Bankruptcy Code was initially implemented, each state had the opportunity to "opt-out" of the federal exemptions. If the state had not legislatively "opted-out", the debtor had the choice to adopt either the federal exemptions or the state exemptions where the debtor had a domicile. 3 Collier on Bankruptcy 522–9 ¶ 522.-01 (15th ed. 1984); H.R.Rep. No. 595, 95th Cong., U.S.Code Cong. & Admin.News 1978, p. 5787. Missouri "opted-out" through MO.ANN.STAT. § 513.427 (Vernon Supp.1982). Precisely, that statute was passed on June 17, 1982 with effective date 90 days after adjournment. The case at bar was filed on April 19, 1982. Clearly, the mandatory implementation of the Missouri exemptions is not applicable. The debtor has a choice in applying either the federal or Missouri exemptions. The debtor chose the federal exemptions.

There are three cases with fact patterns very similar to the case at bar. Each case disallows the claim for the homestead exemption.

*In re Hicks*, 3 B.R. 459 (N.D.Ohio 1980) involves a husband who becomes divorced from his wife. He quit claims his interest in their residence to his ex-wife. She, in turn, executes a note with interest with a mortgage for security payable upon occurrence of an enumerated event. The ex-husband then files for relief under the Bankruptcy Code. He then claims a homestead exemption for the portion of the promissory note. The Court found that a mortgage was incidental to an ownership interest in the real estate. Additionally, the debtor did not use the real estate as his residence; thus, the Court disallowed the exemption.

*In re Goodin*, 26 B.R. 160 (S.D.Ohio 1983) involves a husband and wife who dissolve their marriage. The husband quit claims all his right, title, and interest to his ex-wife. She then executes a promissory note secured by a second mortgage in his favor. The ex-husband does not live at the residence. He subsequently files for relief

under the Bankruptcy Code and claims a homestead exemption on a portion of the promissory note. The court found that the debtor's interest was merely a security interest. Moreover, the court stated that "[t]he purpose of the exemptions is to create a subsistence floor, set at some level by the legislature, so that individuals may continue to live at that level despite the claims of creditors." The court noted that this purpose was inapplicable because the debtor did not live at the residence.

Finally, *In re White*, 727 F.2d 884 (9th Cir.1984) concerns a married couple who obtained a divorce. The ex-wife took sole possession of the home, with her ex-husband holding a judgment lien against the property. The ex-husband sought relief under the Bankruptcy Code claiming a homestead exemption for the value of the judgment lien. The court stated that the homestead exemption does not apply to such a lien because he had no possessory right in the real estate. This case applies to the facts in the case at bar because Missouri considers a mortgage or deed of trust as merely a lien on real estate. *Kline v. McElroy*, 296 S.W.2d 664 (Mo.App.1956); *Klika v. Albert Wenzlich Real Estate Co.*, 150 S.W.2d 18, 24 (Mo.App.1941).

This Court finds that the promissory note was merely a security interest in the real estate. The debtor did not have an ownership interest in the property. It follows that the homestead exemption is inapplicable in this instance.

It is therefore ORDERED that the Motion to Allow Homestead Exemption is DENIED.