**In re Vicki D. PAGE, Debtor.**

**No. 02–51307–JDW.**

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

Jan. 6, 2003.

Clyde W. Royals, Waycross, GA, for Debtor.

Mary Jane Cardwell, Waycross, GA, for trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Trustee's Objection to Exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After a hearing on November 21, 2002, and after considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor, Vicki D. Page, filed a Chapter 7 petition on August 19, 2002. In Schedule A, relating to real property, she claimed an interest valued at $10,000 in a city lot in

Nahunta, Georgia. In Schedule C she claimed a $10,000 exemption in the property pursuant to Official Code of Georgia "O.C.G.A." § 44–13–100(a)(1).

The parties stipulated that on January 20, 1997, Debtor transferred her interest in the real property and accompanying mobile home to Joann and John Simpson by warranty deed. As a result, Debtor moved out of the property. At the time of the sale, Debtor took a deed to secure debt in the property in the face amount of $30,000, due and payable in 180 monthly installments of $322.38. Debtor has been receiving the installment payments. According to Debtor's amortization schedule, the payoff on the deed to secure debt as of November 22, 2002, is $22,987.88.

The Chapter 7 Trustee objected to Debtor's claimed exemption in the Nahunta property on the ground that the exemption should be claimed under O.C.G.A. § 44–13–100(a)(6), rather than subsection (a)(1).

### Conclusions of Law

▮ Because Trustee has demonstrated that Debtor does not meet the requirements of O.C.G.A. § 44–13–100(a)(1), Trustee's objection to exemption will be sustained.

The Bankruptcy Code allows the states to offer their own exemptions in place of those provided by the Code. 11 U.S.C. § 522(b)(1), Georgia has opted out of the federal bankruptcy exemptions and codified state bankruptcy exemptions at O.C.G.A. § 44–13–100. Section 44–13–100(a)(1) of the O.C.G.A. allows a bankruptcy debtor to exempt her home from her bankruptcy estate as follows:

> The debtor's aggregate interest, not to exceed $10,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $20,000.00[.]

O.C.G.A. § 44–13–100(a)(1)(2002).

In this case, the exemption requires that the property claimed as exempt be used as Debtor's residence. The parties stipulated at the November 21, 2002, hearing that Debtor moved off the property when she sold it. In the absence of any evidence to the contrary, Trustee has shown that Debtor fails to meet an essential element-residence-of the section 44–13–100(a)(1) exemption.

▮ Furthermore, the Court notes that Debtor's interest in the property is a security interest, not an ownership interest. As one court stated, the purpose of an exemption in a debtor's residence is "that a debtor and his dependents not be left without shelter. Debtor's [security] interest in realty has nothing whatsoever to do with that societal objective." *In re Goodin*, 26 B.R. 160, 161–62 (Bankr.S.D.Ohio 1983).

Because Debtor does not reside at the Nahunta property and because her interest in the property is not of a type from which residence flows, Trustee's objection to the claimed exemption in that property is sustained.

An Order in accordance with this Opinion will be entered on this date.