OPINION
{¶ 1} Tia J. Kidder appeals from the trial court's entry of summary judgment in favor of appellee Kroger Company on her negligence complaint.
 {¶ 2} In her sole assignment of error, Kidder contends the trial court erred in entering summary judgment because genuine issues of material fact exist as to whether a freshly mopped floor that caused her to slip and fall constituted an "open and obvious" hazard.
 {¶ 3} The present appeal stems from injuries that Kidder sustained on May 16, 2001, while shopping at a Kroger grocery store. At the time of the accident, the store was brightly lit, and few customers were present. Kidder entered the store with her boyfriend around midnight and picked up a couple of items. She then made a left-hand turn at the end of the frozen food aisle. As soon as she turned the corner, Kidder fell on her left knee and twisted her ankle. Kidder then saw water "all over the floor" and noticed that her pants were "wet clear through" from her knee to her ankle. After her fall, Kidder looked behind her over her right shoulder and saw a man mopping the floor several aisles away. There were no warning signs where Kidder fell, and the water on the tile floor was clear. Although Kidder did not see the water, she believes that she "might" have seen it if she had been looking for water.
 {¶ 4} Based on the foregoing facts, the trial court entered summary judgment in favor of Kroger. In its February 17, 2004 ruling, the trial court held that the wet floor was an open and obvious hazard. As a result, the trial court held that Kroger had no duty to protect Kidder. On appeal, Kidder argues that the wet floor was not an open and obvious hazard.
 {¶ 5} Our review of the trial court's decision to grant summary judgment against Kidder is de novo. Helton v. SciotoCty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Rule 56(C) of the Civil Rules provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370,1998-Ohio-389.
 {¶ 6} As noted above, the trial court entered summary judgment against Kidder solely on the basis that she could not establish the existence of a duty on the part of Kroger with respect to the wet floor, as it constituted an open and obvious hazard. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v. Timman (1997), 117 Ohio App.3d 544, 549. Consequently, the central issue on appeal is whether reasonable minds could differ about whether the wet floor constituted an open and obvious hazard from which Kroger had no duty to protect her.
 {¶ 7} The parties agree that Kidder was a business invitee of Kroger, which therefore owed her a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, in order to insure that she was not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. Although Kroger is not an insurer of its invitees' safety, it must warn them of latent or concealed dangers if it knows or has reason to know of the hidden dangers.Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 359. On the other hand, Kroger has no duty to protect a business invitee such as Kidder from dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that [s]he may reasonably be expected to discover them and protect [her]self against them."Paschal, supra.
 {¶ 8} In other words, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious. Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642,644, 1992-Ohio-42. "The rationale behind the [open-and-obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning." Id. at 644. The open-and-obvious doctrine concerns the first element of negligence, whether a duty exists.Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Therefore, the open-and-obvious doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard. In Henry v. Dollar Gen.Store, Greene App. No. 2002-CA-47, 2003-Ohio-206, we recognized that whether a hazard is "open and obvious" may involve genuine issues of material fact requiring resolution at trial.
 {¶ 9} Viewing the evidence and all reasonable inferences drawn therefrom in a light most favorable to Kidder, we believe reasonable minds may disagree about whether the wet floor in the present case was an open and obvious hazard. The record suggests that Kidder encountered the water and slipped immediately upon turning the corner at the end of an aisle. Thus, she had little advance opportunity to perceive the hazard. Cf. Henry, supra, at ¶ 14 (recognizing that the existence of a hazard "in a location where customers could be expected to turn or change direction, thereby limiting their opportunity to see the [hazard] and avoid it" is relevant to whether the hazard was open and obvious). We note too that the mopping employee was not in Kidder's line of vision until after she had turned the corner and fallen. Finally, we note that the layer of water was clear, making detection of its presence more difficult. Cf. Diehlman v.Braunfels (Aug. 1, 1997), Lucas App. No. L-96-357 (reasoning that when a slippery substance and the surface are the same color, a genuine issue of material fact may exist as to whether the substance was open and obvious); Youngerman v. Meijer, Inc.
(Sept. 20, 1996), Montgomery App. No. 15732 at *9 (finding that the clear nature of water helped to create a genuine issue of material fact as to whether its presence on a store floor was open and obvious). Although Kidder admitted that she "might" have seen the water if she had been looking for it, this concession does not demonstrate Kroger's entitlement to summary judgment. Implicit in Kidder's statement that she "might" have seen the water is the converse: that she "might not" have seen the water even if she had been looking for it. It simply does not follow that a hazard is "open and obvious" as a matter of law whenever a person "might" have seen it if she had been looking.
 {¶ 10} In support of the trial court's ruling, Kroger cites cases where water and other things have been found to constitute open and obvious hazards. See Jones v. Kroger Co., Montgomery App. No. 19485, 2003-Ohio-4586 (involving water and slush tracked into the entrance of a Kroger store); Navarette v. Pertoria,Inc., Wood App. No. WD-02-070, 2003-Ohio-4222 (involving a slip on a dark colored soda on a sidewalk while carrying an infant car seat); Gamby v. Fallen Timbers Enterprises, Lucas App. No. L-03-1050, 2003-Ohio-5184 (involving a trip on a crack in the sidewalk); Francill v. The Andersons, Inc. (Feb. 15, 2001), Franklin App. No. 00AP-835 (involving a slip on water, leaves, and a flat-head nail). We note, however, that other cases exist in which courts have declined to find as a matter of law that a wet floor presents an open and obvious hazard. See Nienhaus v.Kroger Co. (June 14, 2001), Franklin App. No. 00AP-1083 (involving a slip on a puddle of water); Henline v. DoverRestaurant Management, Inc., Tuscarawas App. No. 2003AP050042, 2004-Ohio-574 (involving a slip on a tile floor in a restaurant vestibule); Klein v. Kroger Co. (Jan. 24, 1997), Lucas App. No. L-96-135 (involving a slip on a puddle of water).
 {¶ 11} Unfortunately, the foregoing cases do not involve the same facts as those present in the appeal before us. They demonstrate only that whether a given hazard is "open and obvious" involves a fact-intensive inquiry, and they confirm our prior observation that "comparing the facts of a given case with other cases is of limited value." Henry, supra, at ¶ 16. In each case, the crucial inquiry is whether "a customer exercising ordinary care under [the] circumstances would have seen and been able to guard him or herself against the condition."Youngerman, supra, at *9. Under the circumstances of the present case, we cannot say as a matter of law that the transparent layer of mop water on the floor was open and obvious. Accordingly, we sustain Kidder's assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Grady, J., and Young, J., concur.