OPINION
{¶ 1} Appellants Pamela and Thomas Dunkle appeal the decision of the Licking County Court of Common Pleas that granted summary judgment in favor of Appellee Cinemark USA, Inc. ("Cinemark"). The following facts give rise to this appeal.
 {¶ 2} On November 17, 2001, Appellant Pamela Dunkle took her grandchildren to see a movie at a theater owned and operated by Cinemark. Appellant entered the theater, walked down the aisle facing the movie screen, turned left and walked up a step to sit in her seat. Appellant sat in the first row of the second tier of seats and her grandchildren sat in the first tier of seats. As the previews began, the lights turned off in the theater. However, dim track lighting ran along the floor and down the stairs.
 {¶ 3} After approximately five minutes, appellant left her seat to visit the concession stand. Appellant proceeded down the stair and began exiting the theater. On her way out of the theater, appellant's left foot caught a rubber border protruding about the floor, which separated the carpet area from the tile flooring. Appellant fell and sustained injury. Appellant admitted she was not looking down as she walked, but instead was looking forward so as not to run into any patrons. Appellant also admitted she had visited the theater approximately five or six times prior to the incident. Appellant further stated she did not know what it was she stepped on which caused her to twist her ankle.
 {¶ 4} Appellant filed the instant action alleging negligence on behalf of Cinemark. Appellant Thomas Dunkle brought a claim for loss of consortium. On June 4, 2004, Cinemark moved for summary judgment. On August 9, 2004, the trial court granted Cinemark's motion for summary judgment. Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 {¶ 5} "I. The trial court erred in granting summary judgment in favor of defendant cinemark usa, inc."
 I {¶ 6} In their sole assignment of error, appellants contend the trial court erred when it granted summary judgment in favor of Cinemark. We disagree.
 {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Therefore, we must refer to Civ.R. 56, which provides, in pertinent part:
 {¶ 8} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. It is based upon this standard that we review appellants' sole assignment of error.
 {¶ 10} In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. Huston v. Koncieczny (1990), 52 Ohio St.3d 215,217; Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. The mere fact that Appellant Pamela Dunkle fell does not establish any negligence on the part of Cinemark. Green v. Castronova (1966), 9 Ohio App.2d 156, 161. Instead, negligence must be proven by showing a duty exists and that Cinemark failed to satisfy that duty. Feichtner v. Cleveland (1995),95 Ohio App.3d 388, 395-396.
 {¶ 11} In the case sub judice, neither party disputes Appellant Pamela Dunkle was a business invitee at the time of her injury. As a business invitee, Cinemark owed appellant a duty to exercise reasonable care in keeping the premises in a safe condition and warning her of any latent or concealed perils of which Cinemark had knowledge. Perry v. EastgreenRealty Co. (1978), 53 Ohio St.2d 51, 52. However, a business invitee is not an insurer of a customer's safety. Thus, a property owner is under no duty to protect a business invitee from hazards which are so obvious and apparent that the invitee is reasonably expected to discover and protect against them herself. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus; Paschel v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203-204.
 {¶ 12} Whether a condition is open and obvious is not a question for the jury, but a question of duty, which is a question of law for the court to decide. Thus, the issue is proper for summary judgment.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 82, 2003-Ohio-2573. "Open and obvious" hazards are neither hidden or concealed from view, nor non-discoverable by ordinary inspection. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50-51. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist when the plaintiff could have seen the condition if he or she had looked. Parsons, supra, at 51-52.
 {¶ 13} Appellee maintains the danger presented by the rubber molding was open and obvious to Appellant Pamela Dunkle and therefore, Cinemark is not liable. In order to avoid summary judgment, appellants must produce evidence that would tend to show the nature and design of the rubber molding was defective, as it existed, representing a dangerous condition. If the rubber molding did not represent a dangerous condition, Cinemark did not have a duty to warn Appellant Pamela Dunkle of any danger. See Nagy v. Wallis (Apr. 27, 1995), Cuyahoga App. No. 66989.
 {¶ 14} The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case. In her deposition, Appellant Pamela Dunkle does not allege the rubber molding was defective in condition or that there existed a deficiency in the design. Instead, Appellant Pamela Dunkle merely alleges there was no lighting separating the carpet and tile. Specifically, Appellant Dunkle testified, at her deposition, as follows:
 {¶ 15} "Q. Okay. So describe the rubber border for me. How high was it?
 {¶ 16} "A. Well, when I went back, I — if I remember, probably — What's that (indicating)? I don't know half — half an inch or more. Depo. Pamela Dunkle at 26.
 " * * * {¶ 17} "Q. As you were walking, were the lighting conditions from the screen such that you would be able to see your feet?
 {¶ 18} "A. Probably not. I was too far back. There wouldn't have been a lot of light back where I was from the screen I wouldn't think. I guess I can't answer that. I didn't look down at my feet. Usually when I walk, I don't.
 {¶ 19} "Q. Okay. Were you looking down at the floor when you were walking?
 {¶ 20} "A. Probably not.
 {¶ 21} "Q. Let me ask you this: You did mention, however, that these other rubber strips had lights in them; is that correct.?
 {¶ 22} "A. Yes.
 {¶ 23} "Q. Okay. So as you were in the theater that day, you were aware of the fact that separating tiled areas from the carpet there were rubber strips, right?
 {¶ 24} "A. No. I was only — There were no lights separating the carpet to the tile. All of the lit area was all carpet.
 {¶ 25} "Q. And there were no lights in — in any of these areas where there were rubber strips that separated the carpet from the tile is what you're telling me anywhere in the theater?
 {¶ 26} "A. I don't know about anywhere in the theater, but where I was, there wasn't." Tr. Id. at 30-31.
 {¶ 27} Further, in her affidavit attached to her memorandum in opposition to Cinemark's motion for summary judgment, Appellant Pamela Dunkle opines:
 {¶ 28} "The border was not open and obvious as the theater was dark. I was not looking down at my feet at that point as I felt it was safer to look forward in a dark theater so as not to collide with other patrons."
 {¶ 29} As noted above, Appellant Pamela Dunkle does not allege the rubber molding was defective in condition or that there existed a deficiency in design. Rather, she argues the rubber molding was a hazard because it was not discoverable in the darkness of the theater. It is well-settled that darkness is always a warning and for one's own protection, it may not be disregarded. Draper v. Centrum Landmark Theater
(June 12, 1997), Cuyahoga App. No. 72000, at 3, citing Jeswald v. Hutt
(1968), 15 Ohio St.2d 224, 227; Umberto Brandimarte v. Mrs. Royal D.Packard (May 18, 1995), Cuyahoga App. No. 67872, at 2.
 {¶ 30} Therefore, there can be no material issue as to any material fact where no duty is owed. Appellant Pamela Dunkle's testimony establishes that she was not looking at the ground when she fell. As such, appellant failed to proceed with due deference to the dangers attendant to moving through the dark in an unfamiliar building.
 {¶ 31} The trial court did not err when it granted Cinemark's motion for summary judgment.
 {¶ 32} Appellants' sole assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, J., Edwards, J., concurs.
Hoffman, P.J., dissents.