OPINION
{¶ 1} Plaintiff-appellant, Richard Caravella ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, West-WHI Columbus Northwest Partners and Winegardner Hammonds, Inc. (collectively, "appellees"), on appellant's negligence claim.
 {¶ 2} Appellant's claim arises out of a slip-and-fall incident at the Holiday Inn located at 175 Hutchinson Avenue in Columbus, Ohio. Shortly before 8:00 a.m., on the morning of May 18, 2001, appellant arrived at the Holiday Inn, where he spent one and a half hours manning a vendor booth for his employer, New England Financial Services, at the Ohio Podiatric Medical Association convention. The New England Financial Services booth sat on a raised platform in a large open atrium area, which also contained restaurants and the hotel front desk. Appellant described the weather on May 18, 2001, as humid, drizzly, and raining.
 {¶ 3} At 9:30 a.m., at the end of his scheduled shift, appellant attempted to leave the Holiday Inn. Appellant testified that, "because it was wet, rainy, my thought processes were let me exit further down in the building to go out closer to my vehicle instead of exiting through the front and having to walk outside." (Caravella 2005 Depo. at 17.) Thus, rather than exit through the front door where he had entered, appellant went in search of an alternate exit. Appellant walked down a carpeted corridor and through a glass door into a ceramic-tiled breezeway that led to an exterior glass door. As he walked through the breezeway toward the exterior door, appellant slipped on wet tile and fell, sustaining injuries. There was no protective mat or warning near the side exit where appellant fell.
 {¶ 4} On April 3, 2002, appellant filed his complaint in the Franklin County Court of Common Pleas, alleging negligence against appellees, as owners and/or operators of the hotel premises. Appellant dismissed and re-filed his complaint on March 16, 2004. Appellees filed an answer to appellant's re-filed complaint on April 6, 2004, in which they asserted, among other defenses, that they breached no duty to appellant and that the condition about which appellant complains was open and obvious.
 {¶ 5} On January 18, 2005, appellees filed a motion for summary judgment, supported by appellant's answers to interrogatories, an affidavit from Holiday Inn employee Janet Lee, transcripts of appellant's two depositions, and a deposition transcript of Debbie Bratka, an employee of the Ohio Podiatric Medical Association. Appellant filed a memorandum in opposition to appellees' motion for summary judgment on February 4, 2005, and attached excerpts from deposition transcripts of Brian Peiffer and Dr. Adrian King, and a Report of Accident, purportedly completed by Janet Lee. On February 14, 2005, appellees filed a reply memorandum in support of their motion for summary judgment.
 {¶ 6} On April 19, 2005, the trial court issued a decision granting appellees' motion for summary judgment, finding that the accumulated moisture upon which appellant slipped and fell constituted an open and obvious hazard, which eliminated any duty for appellees to warn appellant of the wet floor. The trial court entered final judgment in appellees' favor on May 5, 2005, and this appeal ensued.
 {¶ 7} In his single assignment of error, appellant asserts:
THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE EVIDENCE EXISTS WHICH RAISES GENUINE ISSUES OF MATERIAL FACT NOT ONLY TO WHETHER THE CONDITION UPON WHICH PLAINTIFF-APPELLANT FELL WAS OPEN AND OBVIOUS, BUT ALSO AS TO WHETHER DEFENDANTS-APPELLEES HAD PROVIDED SUFFICIENT NOTICE TO APPELLANT OF THE EXISTENCE OF THE HAZARD.
Appellant appeals the trial court's entry of summary judgment and argues that genuine issues of material fact remain as to whether appellees breached their duty of ordinary care by failing to warn him of the accumulated moisture and as to whether the wet tile floor was an open and obvious hazard.
 {¶ 8} Appellate review of summary judgment is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, we apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 10} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the non-movant bears a reciprocal burden to produce competent evidence of the types listed in Civ.R. 56(C) showing that there is a genuine issue for trial. Id.; Civ.R. 56(E). Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 11} Before addressing the propriety of summary judgment, we must determine what evidence was properly before the trial court pursuant to Civ.R. 56(C). Appellees objected to the evidence attached to appellant's memorandum contra. Appellant attached excerpts of Brian Peiffer and Dr. King's depositions to his memorandum contra, but, because he did not file such depositions, that evidence was not properly before the court. SeeStreets v. Chesrown Ent., Inc., Franklin App. No. 03AP-577, 2004-Ohio-554 (trial court properly refused to consider unfiled deposition testimony upon objection). Civ.R. 56(C) limits a court's consideration of deposition testimony to depositions "timely filed in the action," and provides that "[n]o evidence or stipulation may be considered except as stated in this rule." Additionally, the Report of Accident attached to appellant's memorandum contra was not properly before the court, as it does not fall within the categories of evidence enumerated in Civ.R. 56(C) and was not incorporated into a properly framed affidavit. See Martin v. Central Ohio Transit Auth. (1990),70 Ohio App.3d 83, 89 (the proper procedure for introducing evidentiary matter of a type not listed in Civ.R. 56[C] is to incorporate the material by reference into a properly framed affidavit). Although the trial court mentioned the improper evidence in its decision granting summary judgment, it did not rely on such evidence in concluding that the water upon which appellant fell was an open and obvious hazard. Because we apply the same standard as the trial court, we may consider only the evidence properly before the trial court, pursuant to Civ.R. 56(C), and that evidence includes only the pleadings, deposition transcripts of appellant and Debbie Bratka, appellant's responses to interrogatories, and the affidavit of Janet Lee.
 {¶ 12} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677,680. Under the common law of premises liability, the status of a person who enters upon the land of another determines the scope of the duty the responsible party owes the entrant. Shump v.First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414,417. Although the parties argued in the trial court about whether appellant was an invitee or a licensee at the time of his fall, on appeal, the parties do not contest the trial court's determination that appellant was a business invitee.
 {¶ 13} An owner or occupier of a premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the owner or occupier is not an insurer of an invitee's safety and owes no duty to protect invitees from open and obvious dangers on the property. Id. at 203-204, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. Courts reason that, because of the open and obvious nature of the hazard, business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. If an alleged hazard is open and obvious, whether the plaintiff can prove the elements of negligence other than duty is superfluous. Horner v. JiffyLube Internatl., Inc., Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶ 17. Because the open and obvious doctrine is determinative of the threshold issue of duty, we begin our analysis with that issue.
 {¶ 14} Open and obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable."Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition. Kidder v. The Kroger Co., Montgomery App. No. 20405, 2004-Ohio-4261, at ¶ 11, citing Youngerman v.Meijer, Inc. (Sept. 20, 1996), Montgomery App. No. 15732. The Supreme Court of Ohio has cautioned that "`[c]ases of this type sometimes involve narrow distinctions and a decision in each case depends largely on the facts of the particular case.'" Lawson v.Columbia Gas of Ohio, Inc. (1984), 20 Ohio App.3d 208, 209-210, quoting Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 384.
 {¶ 15} Here, appellant argues that the trial court improperly granted summary judgment because genuine issues of material fact remained as to whether the water upon which he slipped and fell was an open and obvious hazard. Ohio appellate districts differ as to whether the existence and obviousness of a hazard is a determination for the court or for the jury. See Nageotte v.Cafaro Co., 160 Ohio App.3d 702, 2005-Ohio-2098 (the issue is a matter of law to be determined by the court); Dunkle v. CinemarkUSA, Inc., Licking App. No. 04 CA 70, 2005-Ohio-3049 (the issue is not one for the jury); Klauss v. Marc Glassman, Inc.,
Cuyahoga App. No. 84799, 2005-Ohio-1306 (where reasonable minds could differ as to whether a danger is open and obvious, obviousness is an issue for the jury); Henry v. Dollar Gen.Store, Greene App. No. 2002-CA-47, 2003-Ohio-206 (whether a given hazard is open and obvious may involve a genuine issue of material fact for the trier of fact to resolve).
 {¶ 16} This court has reached arguably differing conclusions about whether the open and obvious nature of a condition is a question of law for the court or a question of fact for the jury. Recently, we stated that, although it requires a review of the facts of the particular case, the determination of the existence and obviousness of a danger is a question of law. Terakedis v.The Lin Family Ltd. Partnership, Franklin App. No. 04AP-1172,2005-Ohio-3985, at ¶ 10, citing Horner at ¶ 18. Less than two weeks after Terakedis, a different panel of this court concluded that "the issue of whether a hazard is open and obvious may be a question for the jury to resolve before the court determines whether the landowner has a duty to the business invitee." Schmitt v. Duke Realty, LP, Franklin App. No. 04AP-251, 2005-Ohio-4245, at ¶ 17; see Lawson (summary judgment was improper where reasonable minds might differ as to whether condition was so obvious and apparent that an invitee might reasonably be expected to discover it). In both Terakedis andSchmitt, this court recognized that the existence and obviousness of an alleged danger requires a review of the underlying facts. Terakedis at ¶ 10, citing Horner at ¶ 18, citing Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050; Schmitt at ¶ 10, citing Miller. However, inSchmitt, the majority went on to agree with the Second Appellate District's holding in Henry that "`[o]nly if the record revealed no genuine issue of material fact as to whether the [hazard] constituted an open and obvious danger would it be appropriate for the trial court to resolve that issue as a matter of law.'"[1] Schmitt at ¶ 16, quoting Henry at ¶ 11. For example, the Schmitt majority explained:
* * * Had the water in this case been only a few steps inside the door of the building, we would agree with the trial court that the water, as a matter of law, was an open and obvious hazard; reasonable minds could not differ about whether someone entering the building should be charged with the knowledge that the floor might be wet.
Id. at ¶ 18.
 {¶ 17} Here, whether or not the existence and obviousness of a hazard should be submitted to the jury when reasonable minds could differ, we find that the trial court properly granted summary judgment in favor of appellees. Viewing the evidence before the trial court on summary judgment in the light most favorable to appellant, reasonable minds could only conclude that the water on which appellant fell was so obvious and apparent that an invitee might be reasonably expected to discover it and protect himself from it. In his responses to interrogatories submitted by appellees, appellant described the manner in which his slip and fall occurred. Appellant described the area in which he fell as "noticeably wet" and stated that, "[a]s my right foot came into contact with the standing water it slipped forward, propelling me backward." (Emphasis added.) Thus, appellant admitted there was "standing water" in the breezeway and that the accumulated moisture was noticeable. Based on appellant's interrogatory responses, reasonable minds could only conclude that the hazard complained of was open and obvious.
 {¶ 18} In his subsequent deposition testimony, taken two and a half months after appellant responded to appellees' interrogatories, appellant contradicted his interrogatory responses when he testified that the water on the tile floor "was not open and obvious" and that "[t]here were no puddles of water." (Caravella 2005 Depo. at 29.) Appellant's testimony that there were no puddles of water on the tile floor is a direct contradiction of his prior statement that there was standing water on the tile floor. In his deposition, appellant offers no explanation for his contradictory statements. It is well-settled that a party may not contradict his or her prior sworn testimony in an attempt to create a genuine issue of material fact to avoid summary judgment. See Watkins v. Universal Chem. Coatings,Inc. (Nov. 19, 1992), Franklin App. No. 92AP-893, citing Reidv. Sears, Roebuck and Co. (C.A.6, 1986), 790 F.2d 453 ("[a] party may not create an issue of fact by filing an affidavit in opposition to a motion for summary judgment which contradicts the contents of that party's earlier deposition, without explaining the reason for the discrepancy").
 {¶ 19} This court has not limited the principle precluding a party from creating an issue of fact with its own contradictory statements to affidavits, which contradict prior deposition testimony. In Jones v. Hoisington (Feb. 2, 1988), Franklin App. No. 87AP-570, we held that "where an affidavit raises an affirmative defense which is totally inconsistent with a civil defendant's answer, such affidavit must be rejected by the trial court as competent evidence." We reasoned that, "[w]here * * * the affidavit squarely conflicts with the affiant's prior unambiguous statement or admission, it seems unjust to consider such evidence absent explanation for the discrepancy." See, also,Beneficial Mtge. Co. of Ohio v. Leach, Franklin App. No. 01AP-737, 2002-Ohio-2237, at ¶ 46 (a party may not create an issue of fact by contradicting an assertion in its counterclaim with subsequent deposition testimony). Here, appellant may not create a genuine issue of material fact by contradicting his prior sworn statement that the tile floor was "noticeably wet" and had "standing water."
 {¶ 20} In addition to the fact that appellant admitted the existence of standing water and that the tile floor was noticeably wet, appellant was aware that it was wet and rainy outside, and he presents no evidence that attendant circumstances prevented him from viewing the water on the tile floor. As the Supreme Court of Ohio has noted, "[e]verybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be." S.S. Kresge Co. v.Fader (1927), 116 Ohio St. 718, 723-724. Having been inside the Holiday Inn for only slightly more than an hour and a half, appellant specifically sought out the side exit to shorten the walk to his vehicle in the inclement weather. Additionally, the doors, both from the interior hallway to the breezeway and from the breezeway to the exterior were glass, giving appellant a view of the tile floor and the weather conditions outside. Appellant's actions and testimony contradict the suggestion in his appellate brief that he was unaware of the wet weather conditions when he attempted to leave the Holiday Inn. Given the circumstances, reasonable minds could only conclude that an invitee exercising ordinary care would have seen and been able to guard himself against the hazard presented by the wet tile floor. The fact that appellant did not actually observe the water before his fall does not create a genuine issue of fact as to whether the water was an open and obvious hazard. Lydic at ¶ 10.
 {¶ 21} Appellant argues that the trial court's conclusion that the water upon which he fell was open and obvious was inappropriate because he had little or no time to see and appreciate the water on the floor prior to his fall. The Second Appellate District has considered the relevance of a plaintiff's prior opportunity to observe the allegedly hazardous condition in a slip-and-fall action. In Kidder, the Second District found that reasonable minds could disagree about whether a wet floor was open and obvious where the plaintiff encountered water and slipped immediately after turning a corner at the end of a grocery aisle and, thus, had little advance opportunity to observe the hazard. Similarly, in Henry, the Second District recognized that the existence of a hazard "in a location where customers could be expected to turn or change direction, thereby limiting their opportunity to see the [hazard] and avoid it" is relevant to whether the hazard was open and obvious. Henry at ¶ 14. Unlike the scenarios in Kidder and Henry, however, the evidence here demonstrates that the door from the interior hallway into the breezeway was glass and that, once he passed through the interior glass door, appellant proceeded to midway through the breezeway before he slipped. The record contains no evidence that the water on the breezeway floor was concealed from appellant's view in any way or that other circumstances limited his opportunity to observe the water on the tile floor and avoid it prior to his fall.
 {¶ 22} Appellant also argues that reasonable minds may disagree as to whether the wet tile floor was open and obvious because water is transparent, making its appearance difficult to detect. In the context of determining whether water on the floor of a grocery store was open and obvious, this court has recognized that, being transparent, water may not be easily detected by unsuspecting shoppers. Nienhaus v. The Kroger Co.
(June 14, 2001), Franklin App. No. 00AP-1083. However, the mere fact that water is transparent does not require the conclusion that genuine issues of material fact necessarily exist as to the obviousness of the hazard presented by the water. In Francill v.The Andersons, Inc. (Feb. 15, 2001), Franklin App. No. 00AP-835, the plaintiff slipped and fell on water between the front doors and the cash registers of The Andersons General Store. The plaintiff claimed that the water was clear and that she did not see it on the floor. Nevertheless, the plaintiff admitted that, had she looked down, she probably could have seen the water. This court held that the plaintiff's admission demonstrated that the water was open, obvious, and discoverable by ordinary inspection. Similarly, here, appellant's admission that the tile floor was noticeably wet with standing water belies his contention that the water was not observable due to its transparency and demonstrates that the water upon which he fell was open, obvious, and discoverable by ordinary inspection.
 {¶ 23} Viewing the evidence in the light most favorable to appellant, reasonable minds could only conclude that the wet tile floor upon which appellant slipped and fell was open and obvious. Because the open and obvious nature of the hazard obviated appellees' duty to warn appellant of the wet floor, it acts as a complete bar to appellant's negligence action. Therefore, the trial court properly granted appellees' motion for summary judgment.
 {¶ 24} Although appellant also argues that appellees failed to provide sufficient notice of the wet tile floor, the issue is moot because appellees owed appellant no duty to warn him of an open and obvious hazard. However, even if appellees owed appellant a duty of ordinary care with respect to the wet tile floor, summary judgment would nevertheless have been warranted. This court has held:
* * * In a slip and fall case, to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. * * *
Price v. United Dairy Farmers, Inc., Franklin App. No. 04AP-83, 2004-Ohio-3392, at ¶ 6. Here, the record contains no evidence that appellees created the hazardous condition or that they had actual knowledge of the hazardous condition. To the contrary, in her affidavit, Janet Lee stated that the Holiday Inn was not responsible for or aware of any wet floor condition at or near the door appellant was attempting to exit, had no record of the amount of time the alleged wet floor condition existed, and had no record of any similar incidents occurring at that exit.
 {¶ 25} Given the absence of evidence that appellees were responsible for creating the wet floor condition or had actual knowledge thereof, appellant argues that appellees had constructive knowledge of the hazardous condition based on the presence of wet floor signs at the main entrance to the Holiday Inn. Appellant contends that, because appellees had knowledge of a wet floor condition at the front door, they should have known that floors were likely wet at other entrances as well. Appellant relies on the evidentiary materials attached to his memorandum in opposition to summary judgment in support of his assertion that appellees had constructive knowledge of the wet tile floor, but we have held that such evidence was not properly before the trial court and will not be considered on appeal. However, even if the record contained evidence from which a genuine issue of material fact could be gleaned as to appellees' constructive knowledge of the wet tile floor, the record contains no evidence that the wet floor existed for a sufficient amount of time to justify the inference that appellees' failure to remove it or warn of it was attributable to want of ordinary care.
* * * If * * * a plaintiff cannot establish that the owner or its agents created the hazard or possessed actual knowledge of the hazard, evidence showing the length of time during which the hazard existed is necessary to support an inference that the owner had constructive knowledge of the hazard such that the failure to remove or warn of the hazard was a breach of ordinary care. * * *
Id. at ¶ 7, citing Presley v. Norwood (1973),36 Ohio St.2d 29, 32. The record contains no evidence as to how long the water existed on the tile floor before appellant fell. Such evidence is necessary to support an inference that appellees breached a duty of ordinary care to invitees, and the absence of such evidence is fatal to appellant's claim. See McDowell v. Target Corp.,
Franklin App. No. 04AP-408, 2004-Ohio-7196 (affirming summary judgment for premises owner in slip-and-fall case where there was no evidence that the slippery condition was present long enough that defendants should have known about it). Thus, for the independent reason that the record contains no evidence showing the length of time the wet tile floor existed prior to appellant's fall, we conclude that appellees were entitled to summary judgment.
 {¶ 26} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Sadler, JJ., concur.
[1] Dissenting in Schmitt, Judge Klatt wrote, at ¶ 21:
"Because I disagree with the majority's conclusion that determining whether a hazard is open and obvious is a question for the jury rather than the court, I respectfully dissent. Although the application of the open and obvious doctrine requires consideration of the facts, when those facts are undisputed, the applicability of the doctrine is a question of law. * * * This is because the open and obvious doctrine, when applicable, eliminates the landowner's duty to a business invitee."