OPINION
{¶ 1} Plaintiffs-appellants, David and Shellie Nichols, appeal from judgments of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Staybridge Suites and Rama, Inc., and denying appellants' motion to vacate summary judgment.
 {¶ 2} On August 15, 2006, appellants filed a complaint against appellees, alleging causes of action for negligence, failure to warn, and loss of consortium. The complaint *Page 2 
alleged in part that David Nichols was injured when he slipped and fell while using an indoor pool at appellees' hotel facility.
 {¶ 3} The trial court's original case scheduling order set May 5, 2007, as the discovery cutoff, and May 22, 2007, as the deadline for filing dispositive motions. By agreed entry filed August 9, 2007, the court entered an amended case schedule setting November 2, 2007, as the deadline for dispositive motions and for discovery cutoff. A trial date was set for January 30, 2008.
 {¶ 4} On January 24, 2008, the parties filed a joint motion, requesting that the trial court issue an amended case schedule extending the deadlines for discovery and dispositive motions, and continuing the pre-trial conference and trial. On February 1, 2008, the court filed an agreed entry amending the case schedule, whereby dispositive motions were due March 7, 2008, the discovery cutoff date was April 4, 2008, a pre-trial conference was set for August 14, 2008, and the new trial date was August 18, 2008.
 {¶ 5} On February 29, 2008, appellees filed a motion for summary judgment. On March 19, 2008, the parties filed a "stipulation for leave to respond to motion for summary judgment." The stipulation provided in part that the parties: "[H]ereby stipulate and agree that plaintiffs * * * shall have until two weeks following completion of discovery in which to file their response to the currently pending motion for summary judgment filed by the defendants."
 {¶ 6} On August 4, 2008, the parties filed a joint motion for continuance of the August 18, 2008 trial. In the accompanying memorandum in support, the parties represented that a continuance was being sought to allow sufficient time to conduct the remaining discovery in the matter. *Page 3 
 {¶ 7} On August 5, 2008, the trial court filed a decision and entry granting appellees' motion for summary judgment. On August 21, 2008, appellants filed a motion to vacate the judgment. By entry filed August 25, 2008, the trial court denied appellants' motion to vacate.
 {¶ 8} On appeal, appellants set forth the following two assignments of error for this court's review:
 1. The trial court erred by granting summary judgment to the defendants without providing the plaintiffs with due process and a full and fair opportunity to respond to the motion for summary judgment.
 2. The trial court erred by denying the plaintiffs' motion for relief from judgment pursuant to Civ. R. 60.
 {¶ 9} Appellants' assignments of error are interrelated and will be considered together. Under their first assignment of error, appellants assert the trial court erred in granting summary judgment in favor of appellees without affording appellants a full and fair opportunity to respond to the motion. Under their second assignment of error, appellants contend the trial court erred in denying their Civ. R. 60 motion for relief from summary judgment.
 {¶ 10} In accordance with Civ. R. 56(C), summary judgment is proper if: (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence in favor of the non-moving party, that conclusion is adverse to the non-moving party.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. An appellate court's review of a trial court's grant of summary judgment is de novo. Id. Accordingly, an appellate court "applies the *Page 4 
same standard as the trial court and conducts an independent review, without deference to the trial court's determination." In re Protest ofEvans, 10th Dist. No. 06AP-539, 2006-Ohio-4690, ¶ 8.
 {¶ 11} The standard of review on appeal from a trial court's decision on a motion to vacate, pursuant to Civ. R. 60(B), is abuse of discretion.CitiMortgage, Inc. v. Guthrie, 175 Ohio App.3d 115, 2008-Ohio-583, ¶ 14.
 {¶ 12} Appellants first contend the trial court denied them due process by not allowing them a fair opportunity to respond to appellees' motion for summary judgment. Appellants maintain the trial court failed to provide notice it would rule on the motion by a specific date or that it would determine the motion without allowing appellants a chance to respond.
 {¶ 13} The Supreme Court of Ohio held that "a trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ. R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines." Hooten v. Safe Auto Ins. Co.,100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 33.
 {¶ 14} Loc. R. 57.01 of the Franklin County Court of Common Pleas, General Division, states: "All Motions for summary judgment filed pursuant to Civil Rule 56 shall be deemed submitted to the judge when filed. This rule does not alter the response dates for memorandum contra and replies under Local rule 21.01."
 {¶ 15} Loc. R. 21.01 states in relevant part:
 The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the *Page 5 
motion. * * * On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party. The time and length of any oral hearing shall be fixed by the Trial Judge. Except as otherwise provided, this Rule shall apply to all motions.
 {¶ 16} Thus, pursuant to Loc. R. 21.01, a party opposing a motion must serve an answer brief responding to the motion "on or before the 14th day after the date of service of the motion," and the motion is "deemed submitted to the court for decision on the 28th day after the motion was filed." Vahdati'bana v. Scott R. Roberts Assoc. Co., L.P.A., 10th Dist. No. 07AP-581, 2008-Ohio-1219, ¶ 18. This court has previously found that the provisions of Loc. R. 21.01 afford "adequate notice" of the date by which a party is required to submit memorandum contra a movant's motion for summary judgment. Id.
 {¶ 17} This court has also noted that "Civ. R. 56(F) provides a remedy for the non-movant who has not had sufficient time to conduct discovery." Hayes v. Murtha (Oct. 10, 1996), Franklin App. No. 96APE04-512. Civ. R. 56(F) states:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
 {¶ 18} In the present case, appellants did not file a Civ. R. 56(F) motion seeking to delay the trial court's ruling on the motion for summary judgment pending further discovery, and the trial court did not grant appellees' motion for summary judgment prior to the expiration of the time allowed for appellants to respond pursuant to Loc. R. 21.01. Under such circumstances, "the trial court was not required to provide additional notice *Page 6 
regarding when a decision on the motion would be rendered."Vahdati'bana, at ¶ 18. Rather, "[p]ursuant to Loc. R. 21.01, [appellants] were provided with the constitutionally required opportunity to respond to [appellees'] motion." Finfrock v. Ohio Adult Parole Auth. (Apr. 30, 1998), 10th Dist. No. 97APE09-1231. Here, where the trial court complied with the dictates of the local rules, and appellants did not avail themselves of the provisions of Civ. R. 56(F), appellants have not demonstrated a deprivation of due process by the trial court in ruling on the motion for summary judgment.
 {¶ 19} Appellants also contend the trial court erred in denying their motion to vacate summary judgment. Appellants brought their motion under Civ. R. 60(B)(1), citing "inadvertence" or a "misunderstanding" by the trial court in ruling on the motion for summary judgment. Specifically, appellants argued that the court ignored the parties' stipulation that appellants could respond to the motion for summary judgment once discovery was concluded.
 {¶ 20} In its decision denying appellants' motion to vacate, the trial court addressed and rejected appellants' contention it had ignored the parties' stipulation, holding:
 [T]he court did recognize that the Stipulation had been filed. The Case Schedule was amended on an "Agreed Entry" signed by the court on February 1, 2008, prior to the lawyers' stipulation. The court — not just the lawyers — approved adjusting the Dispositive Motions deadline back until March 7, 2008, the Discovery Cutoff deadline to April 4, 2008, and reset the Final Pretrial Conference and Trial dates to August 14 and August 18, respectively. Taking into consideration that the Discovery Cutoff was April 4 and that the parties agreed that plaintiffs could have two weeks "following completion of discovery" in which to file a response to the Motion for Summary Judgment, the court accurately stated in the Decision filed August 5 granting summary judgment that *Page 7 
"plaintiffs were permitted until late April 2008 to file a memorandum in opposition."
 The court recognizes that Local Rule 47.02 permits parties to continue discovery after the Discovery Cutoff date if it is voluntary and mutually agreed upon. However, such informality among counsel may "not delay any other event on the case schedule." Loc. R. 47.02.
 {¶ 21} The trial court also observed it had not approved an extension of the response time, and that the trial date was "rapidly approaching" at the time it ruled on the motion for summary judgment. Finally, the court cited the absence of any provision in the local rules allowing counsel to unilaterally agree to extend any deadline, noting that "the Local Rules required counsel to alert the court — formally and on the record — if a case-dispositive motion was not ripe for decision."
 {¶ 22} Upon review, we find no abuse of discretion in failing to grant the motion to vacate on the basis of inadvertence or a misunderstanding by the court in overlooking the parties' stipulation. Here, the trial court acknowledged it was aware of the stipulation, and a reviewing court will presume regularity in the trial court proceedings absent evidence to the contrary. State ex rel. Tillimon v. Weiher (1992),65 Ohio St.3d 468, 469. Further, Loc. R. 29.01 states: "No oral agreement of counsel with each other, or with a party or an officer of the Court, will be regarded unless made in open court." Finally, Loc. R. 47.02, cited by the trial court, provides in part that voluntary, mutually agreed upon discovery may continue after the discovery cutoff "in a manner that does not delay any other event on the case schedule."
 {¶ 23} Appellants also contend that the trial court erred in finding that the additional evidence sought through discovery was duplicative and would not alter the *Page 8 
outcome of the case. Appellants' argument goes essentially to the merits of the motion for summary judgment. In general, "a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment." Thompson v. Ghee (2000), 139 Ohio App.3d 195,199.
 {¶ 24} In granting summary judgment in favor of appellees, the trial court found that reasonable minds could only conclude that the hazard complained of was "open and obvious." In its decision, the trial court set forth the following factual background based in part upon the deposition testimony of appellant David Nichols:
 In June 2005 plaintiff David Nichols was staying at Staybridge Suites * * *
 In the early evening of June 15, 2005, Mr. Nichols * * * went to the indoor pool with Mrs. Nichols and his kids. * * * The kids swam in the pool and Mr. Nichols recalls seeing two of the children fall on the far end of the pool on the pool deck. * * * In response to those falls, Mr. Nichols cautioned the children to be careful.
 At some point, Mr. Nichols decided to go swimming. * * * After walking twenty (20) to thirty (30) feet, Mr. Nichols claims to have been injured in the following manner:
 "And then I got up and went to go jump in the pool myself. And * * * the pool surface was * * * wet. And I could tell from walking on it, wow, this is pretty slippery. And so * * * I was very purposefully taking little tiny baby steps, you know, trying to be careful. Because I could tell it was slippery. And then * * * my legs just went flying out from under me."
 Mr. Nichols believes that the combination of water and the tiled surface of the pool deck caused his feet to fly out from under him. * * * He also indicated that before he fell, he noticed water on the tiled surface. *Page 9 
 Charlene Bell indicated that the injury occurred in a slightly different manner:
 "[E]ventually they started tossing a football back and forth, and David got the football and he — he was tossing it into the pool.
 "I don't know which child. I don't know if it was mine or his, but they were just tossing it back and forth, and he raised his arm and tossed the ball, and the next thing we knew, he was down on the floor.["]
 * * *
 Additionally, Mrs. Bell was at the pool before Mr. Nichols and his children arrived, and remembered she warned Mr. Nichols that the tile was slick around the edges of the pool.
 Shortly after the fall and injury, Mr. Nichols told the hotel's front desk clerk what had happened. * * * In response, the clerk stated that he knew the surface was slick, that others had complained about the slick surface, and that he too had fallen on the pool deck. * * * Supposedly, the clerk later denied making such statements.
 {¶ 25} In order to defeat a motion for summary judgment filed in a negligence action, a plaintiff is required to "identify a duty owed to plaintiff by the defendant; further, there must be sufficient evidence, `considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury and that the plaintiff was injured.'" Mullens v. Binsky (1998), 130 Ohio App.3d 64, 68-69, quotingNagy v. Wallis (Apr. 27, 1995), 8th Dist. No. 66989.
 {¶ 26} In Kraft v. Dolgencorp, Inc., 7th Dist. No. 06 MA 69,2007-Ohio-4997, ¶ 11-16, the court discussed Ohio law regarding the duty of a business invitee, as well as the
applicability of the "open and obvious" rule, stating as follows: *Page 10 
 "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315, 1996 Ohio 137, 662 N.E.2d 287. The owner of a business has a general duty to exercise ordinary care in maintaining his or her premises in a reasonably safe condition in order to ensure that invitees are not unnecessarily and unreasonably exposed to danger. Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68, 28 Ohio B. 165, 502 N.E.2d 611.
 Business or premises owners have a duty to warn its customers of latent or hidden dangers. However, they have no duty to warn of open or obvious conditions. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003 Ohio 2573, 788 N.E.2d 1088, at P5.
 In Armstrong, the Ohio Supreme Court upheld the viability of the open and obvious doctrine and explained that it is the open and obvious nature of the hazard itself that acts as a warning to one who encounters it. Thus, a business or premises owner owes no duty of care regarding an open and obvious danger. Armstrong, supra.
 The Supreme Court in Armstrong explained the manner in which this doctrine is to be applied, stating,
 "[W]e reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at P13.
 Thus, once a condition is found to be open and obvious, the inquiry into negligence on the part of the owner or operator of a business comes to an end. *Page 11 
 {¶ 27} In the instant case, in granting summary judgment in favor of appellees on the basis the hazard was open and obvious, the trial court cited deposition testimony indicating that: "Prior to his fall, Mr. Nichols knew the pool deck was wet, saw two children slip and fall in the same area where he sustained injury, warned his children to be careful, and was warned by Mrs. Bell that the tile was slick around the edges." In denying appellants' subsequent motion to vacate, the trial court concluded that the additional discovery testimony appellants were seeking from former employees of the hotel was duplicative of evidence already before the court on the motion for summary judgment. Specifically, the trial court noted, "[e]veryone knew the tiled area around the swimming pool was slippery." In its decision granting summary judgment, the court cited the testimony of a hotel clerk, who stated he knew "the surface was slick, that others had complained about the slick surface, and that he too had fallen on the pool deck."
 {¶ 28} We find no error with the trial court's determinations. In its decision granting summary judgment in favor of appellees, the trial court relied in part upon this court's decision in Caravella v. West-WHIColumbus Northwest Partners, 10th Dist. No. 05AP-499, 2005-Ohio-6762. InCaravella, an invitee to the defendants-appellees' hotel slipped and fell while walking through a ceramic-tile breezeway leading to an exterior glass door. It had been raining that day, and the appellant-invitee, in response to an interrogatory, described the area in which he fell as "noticeably wet." Id. at ¶ 17. The appellant brought a negligence action against the hotel, and the hotel filed a motion for summary judgment which the trial court granted, finding that the accumulated moisture upon which the appellant slipped and fell constituted an open and obvious hazard. On appeal, this court affirmed, noting that appellant "admitted there was `standing water' in the breezeway and *Page 12 
that the accumulated moisture was noticeable" and, thus, "reasonable minds could only conclude that the hazard complained of was open and obvious." Id.
 {¶ 29} In Caravella, at ¶ 20, this court quoted the following passage from S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 723-24, in which the Supreme Court of Ohio held: "`[Everybody knows that the hallways between the outside doors of * * * buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be.'" In a similar vein, the Supreme Court of Florida has held: "It is a matter of common knowledge which should be known to every intelligent person that walks adjacent to or leading to or surrounding a bathing pool generally have water constantly thrown upon them and are in a slippery condition." Andrews v. Narber (1952), 59 So.2d 869, 870.
 {¶ 30} In the instant case, even accepting the merits of summary judgment to be properly before us, we would find, based upon a de novo review, that reasonable minds could only conclude, as did the trial court, that the hazard complained of was open and obvious and, therefore, appellees had no duty to warn appellants of the danger. Further, we agree with the trial court's determination, in denying the motion to vacate, that the additional discovery evidence sought by appellants was duplicative of evidence before the trial court in ruling on the motion for summary judgment.
 {¶ 31} Accordingly, we find no abuse of discretion by the trial court in denying appellants' motion to vacate summary judgment.
 {¶ 32} Based upon the foregoing, appellants' first and second assignments of error are without merit and are overruled, and the judgments of the Franklin County Court of *Page 13 
Common Pleas, granting summary judgment in favor of appellees and denying appellants' motion to vacate, are hereby affirmed.
Judgments affirmed.
McGRATH and TYACK, JJ., concur. *Page 1