**KLEIN, Receiver, Plaintiff, v. CLARK et, Defendants.**

Common Pleas Court, Lawrence County.

No. 34652. Decided December 21, 1955.

H. M. Edwards, for defendant Charles Vidt.
James B. Collier, for defendant Citizens National Bank.
Elliott Meyers, for defendant R. R. Circle.
Harold Spears, for defendant Treasurer, Lawrence County, O.
Charles Klein, for receiver and plaintiff.

## OPINION

By EARHART, J.

This case is before the Court on the report of the receiver Charles Klein and also for determination of priority of liens.

Charles Klein was duly appointed receiver by this Court and pursuant to order of this Court, sold certain real estate belonging to William Clark located at the corner of Sixth and Spruce Streets in Ironton, Ohio. The Court has examined the proceedings, including the sale of this real estate and finds the same to be correct and in accordance with law, and said sale is confirmed. The property in question was sold for the sum of $13,275.00 and rental received before the sale of $560.00, making total receipts of $13,835.00. There were various expenditures made by the receiver totaling $395.72 as more fully appears in the account of his administration leaving cash on hand of $13,439.28. The Court hereby approves the expenditures of said receiver and finds that the same are in conformance with law, and previous orders of this Court.

The question remaining in this case involves the distribution of the $13,439.28 amongst the various creditors. Before discussing the priority of liens in this case, it might be well to dispose of certain so-called liens which in the opinion of the Court are not liens at all, and thereby eliminate said claims from this estate, realizing of course, that they will still be entitled to share as general creditors.

The first such lien is the purported lien of the County Treasurer for personal property taxes accrued in the sum of $4933.73. The County Treasurer as County Treasurer's Exhibit "B" introduced a copy of the lien records of the Recorder's Office of Lawrence County, Ohio showing unpaid personal property tax from the years 1942 to 1954 inclusive in the sum of $4933.73. There is no doubt as to whether these personal property taxes constitute a lien on these premises.

The lien which the Treasurer acquires, if any, is by virtue of §5719.04 R. C. (former §5694 GC). This Statute, although rather lengthy, provides in substance that immediately after each October settlement, the County Auditor shall make a tax list and duplicates thereof of all taxes except those upon real estate which remain unpaid as shown by the County Treasurer's books, together with delinquent taxes from the August settlement and also taxes assessed by the Auditor under §5711.37 R. C. It is then provided that such tax list, eliminating taxes which total less than $100.00, be published in the newspaper. There are two duplicates made of this list, one of which is sent to the Auditor who causes it to be published twice within sixty days after delivery of said list, and the other duplicate shall be filed by the Auditor on the first day of December annually in the office of the County Recorder and the same shall constitute a notice of lien and operate as of the date of delivery as liens on the lands and lease hold interest of each person named therein having such real estate in the county.

It is admitted that these delinquent land lists are not published by the County Auditor of this County. It is my opinion that the failure to publish these lists as required by law is a fatal defect and that the County Treasurer does not acquire a lien on the premises when such

lists have not been published. The publishing of such a list is a condition precedent to the obtaining by the Treasurer of a lien for the amount of unpaid personal property tax, and the delinquent land list not having been published, it is my opinion that no lien has been perfected in the sum of $4933.73 or any other sum.

In this connection I should also like to cite the unreported case decided by Judge Collier in the Common Pleas Court of Lawrence County dated October 9th, 1950, in the case of Estate of Simon R. Reitz, Deceased. In this case Judge Collier held that it was a condition precedent to acquisition of a lien under §5694 GC, that the lists of delinquent taxes be published.

This case must be distinguished from the cases where the County Treasurer has undertaken to foreclose on property for non-payment of personal property taxes. The Courts have held in these cases those cases that publication of the list is not mandatory since the defendant receives a summons as provided by law, and therefore, has notice of the pendency of the suit. However, we are dealing here with the acquisition of a lien and before the County Treasurer can acquire a lien, he must comply strictly with the provisions of the Statute which require publication and which admittedly has not been done in this case.

It is my opinion therefore, that the County Treasurer does not have a lien on said real estate in the amount of $4933.73, and is entitled to share in this fund only as a general creditor.

The Collector of the Bureau of Internal Revenue has filed with the Receiver a claim in the sum of $1,114.25 and it was the position of the Bureau of Internal Revenue that this constituted the first, highest and best lien on said premises, despite the fact that no lien had been properly recorded in the office of the County Recorder of Lawrence County, Ohio. I am advised now by letter from the United States Attorney that the Bureau of Internal Revenue is not now claiming a priority and are asserting a claim only as general creditors and therefore, the Court determines that the Bureau of Internal Revenue does not have a lien on these premises.

The Court coming now to consider the claim of the Citizens National Bank in the sum of $11,130.00 finds that on June 15, 1953 the Citizens National Bank of Ironton, Ohio recorded a mortgage in Mortgage Record 166 page 535; said Mortgage according to its terms securing a note for $14,531.88. A note was executed by William M. Clark doing business as the Clark Buick Company and the mortgage is signed by William M. Clark and Phyllis Clark, his wife. The defendant Citizens National Bank has introduced in evidence a copy of the original note which has been designated "Defendant Citizens National Bank Exhibit No. 3." The original of this note apparently is missing.

Subsequently on February 11, 1954 a new note was issued by Clark Buick Company and Clark Buick Motor Sales, Inc. and William Clark, individually to the Citizens National Bank in the sum of $9,342.82. It is the claim of the Citizens National Bank that this represents a renewal of the unpaid balance of the note given by William M. Clark doing business as the Clark Buick Company and dated June 6, 1953. I note from this

exhibit that the ledger card has been stamped paid and the following now appears on the note of February 11, 1954, "The terms and conditions of this chattel mortgage having been fully complied with is hereby released." This of course, indicates that this note of $9,342.82 was secured by a chattel mortgage and apparently has no reference to the note executed on June 6, 1953. Furthermore, the note is signed by the Clark Buick Company, Clark Buick Motor Sales, Inc. and William Clark.

There is introduced as defendant Citizens National Bank Exhibit 1, a note dated November 16, 1954 in the sum of $11,130.00. This is signed by Clark Buick Motor Sales, Inc., William M. Clark, President, William M. Clark, individually and Phyllis M. Clark.

In substance, the claim of the Citizens National Bank is that the mortgage given on June 6, 1953 was to secure a note of $14,531.88 given the same date by William M. Clark, d. b. a. Clark Buick Company. It is the further claim of the bank that this note was not paid according to its terms and that there was a balance of $9,342.82 and a new note was issued in said amount on February 11, 1954, which bears the notations referred to above, and which indicates that this note was secured by a chattel mortgage having no reference to the real estate mortgage given on June 6, 1953. Defendant Citizens National Bank Exhibit 1 represents the note given February 11, 1954 in the sum of $9342.82 plus certain unsecured obligations of William Clark, all of which were incorporated in the defendant Citizens National Bank Exhibit 1 and which totaled $11,130.

It is well established law of Ohio that the mortgage is merely evidence of indebtedness and that the note is the actual obligation of the parties. The Court is unable to find any relationship between the note of June 6, 1953 in the sum of $14,531.88 and the notes given February 11, 1954 and November 16, 1954. Furthermore, they could not be considered as renewals of the $14,531.88 note by reason of the fact that they are signed by different parties. It is my opinion that the obligation for which this mortgage was originally given has been extinguished and that by reason thereof, the Citizens National Bank has lost its lien in so far as the mortgage of June 6, 1953 is concerned.

The Court coming now to consider the claim of R. R. Circle finds that a mortgage was given by William M. Clark and Phyllis Clark husband and wife in March of 1952, in the sum of $2100.00; said mortgage having been recorded April 23rd, 1952 in Mortgage Record 165, Page 62. The original note of $2100.00 has not been offered in evidence but instead the defendant R. R. Circle has introduced in evidence a note in the sum of $600.00 given January 1, 1954 by the Clark Buick Company and William Clark. It appears that the $600.00 note was given by Russell R. Circle to the Second National Bank of Ashland, Kentucky to pay off a note of the Clark Buick Company.

It is my opinion that there is no relationship between the note introduced in evidence and the mortgage in the sum of $2100.00 and the Court finds that by reason thereof, R. R. Circle does not have a lien by reason of said mortgage.

The Court coming now to consider the priority of liens finds that the receiver from the funds in his hands should pay the claims

134

of the respective parties in the following priority. (1) The costs of this action. (2) The fees of the Receiver and Receiver's counsel which will be a total of ten percent of the gross amount which passed through the hands of the receiver. (3) The real estate taxes now due and payable. (4) The mortgage to the First National Bank of Ironton, Ohio. (5) The judgment lien of Charles Vidt in the sum of $66,659.52 dated June 3, 1955.

It is hereby ordered that the receiver pay these amounts according to the priorities set forth above.