OPINION
{¶ 1} Defendants-appellants, John D. Johnson and Mary K. Johnson, appeal from a judgment of the Preble County Common Pleas Court, granting summary judgment in favor of plaintiff-appellee, Barnets, Inc., with respect to appellee's foreclosure action on a mortgage executed in its favor by appellants.
 {¶ 2} During the 1980s, appellants maintained an open account with appellee. On September 16, 1988, appellants, in order to secure the account, executed an open-end mortgage in appellee's favor in the maximum amount of $150,000. On that same date, the mortgage was filed with the Preble County Recorder. The mortgage encumbered three tracts of land (hereinafter, Tracts I, II, and III) in Preble County, which were owned by appellants. On December 22, 1988, appellants filed a Chapter 7 bankruptcy petition. On April 12, 1989, appellants obtained a discharge of all of their personal obligations, including the debt they owed to appellee as a result of their account with it. By May 23, 1989, the amount of the obligation secured by the mortgage stood at $131,175.91.
 {¶ 3} On September 24, 1990, appellants' interest in Tract II was conveyed by sheriff's deed to John and Marjorie Rager. On June 30, 1992, the Ragers conveyed their interest in Tract II to Jeffrey and Christine Updyke. The Updyke's interest in Tract II was subsequently transferred to Kenny and Teresa Leach by virtue of a survivorship deed. Towne Bank also obtained an interest in Tract II by virtue of a mortgage that was duly recorded. On February 27, 1998, appellants, without appellee's consent, conveyed their interest in Tract I to John and Michelle Walker. The Walkers subsequently conveyed their interest in Tract I to Roy and Phyllis Barker. Appellants retained their interest in Tract III.
 {¶ 4} On January 2, 2002, appellee brought a Complaint in Foreclosure against appellants, alleging that they breached the parties' mortgage agreement by failing to pay the amount due on the open account and by conveying Tracts I and II to third parties without appellee's consent. Also named as defendants were the Barkers, who had acquired and improved Tract I, and the Leaches and Towne Bank, who had acquired interests in Tract II.[1] In one of the concluding paragraphs of its complaint, appellee acknowledged appellants' 1989 bankruptcy, and stated that it was not seeking a personal judgment against them. In its prayer for relief, appellee requested that it be granted judgment on the unpaid account in the amount of $131,175.91, plus interest from May 23, 1989, and costs. Appellee further requested that the mortgage be decreed "a valid first and best lien" on Tracts I, II, and III, and that the mortgage lien be foreclosed and the three tracts of land sold, with the proceeds applied in payment of the amounts appellants owed it.
 {¶ 5} On February 1, 2002, appellants filed an answer to appellee's complaint, denying that they have an open account with appellee since that matter was resolved in the 1989 bankruptcy proceedings referenced in the complaint. The Barkers, the Leaches, Towne Bank, and the Preble County Treasurer also filed answers to appellee's complaint. All of the remaining defendants in the action failed to file a responsive pleading or otherwise defend; therefore, default judgment was entered against them.
 {¶ 6} On June 14, 2002, appellee dismissed all of its claims against the Leaches and Towne Bank, thereby acknowledging that those parties had an interest in Tract II that was superior to its own. On December 12, 2002, appellee moved for summary judgment against appellants, with respect to Tract III, arguing that appellants' sole defense — that the debt stemming from their account with appellee had been discharged as a result of the 1989 bankruptcy proceedings — was unavailing, because a mortgage lien is not affected by the discharge in bankruptcy of the underlying debt.[2] On January 30, 2003, appellee moved for summary judgment against the Barkers, with respect to Tract I, arguing that its mortgage lien on that land was superior to the Barkers' interest in the land, since its mortgage lien had been recorded in September 1988, while the Barkers did not obtain their interest in Tract I until 1998. On February 24, 2003, appellants filed a memorandum in opposition to appellee's motion for summary judgment and a cross-motion for summary judgment, arguing that the mortgage at issue was invalid because, among other reasons, the debt underlying it had been extinguished under the six-year statute of limitations for unwritten contracts.
 {¶ 7} On May 20, 2003, the trial court issued a decision, finding in favor of appellee on its foreclosure action against appellants, with respect to Tract III. In support of its decision, the trial court agreed with appellants' assertions that when an action on the underlying obligation is barred by the statute of limitations, an action on the mortgage securing the obligation is also barred, and that open accounts are subject to a six-year statute of limitations. However, the trial court then found that, pursuant to R.C. 2305.08, "if payment has been made upon any demand founded on a contract, a written acknowledgement thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought within 15 years of the payment, acknowledgement or promise." The trial court concluded that the mortgage executed by appellants in appellee's favor "is a sufficient acknowledgement of a debt to satisfy the requirements of [R.C.] 2305.08 and that, therefore, the statute of limitations is 15 years rather than six years." On January 7, 2004, the trial court issued a decision awarding appellee summary judgment against the Barkers, with respect to Tract I.
 {¶ 8} On February 5, 2004, the trial court issued a Judgment Decree and Foreclosure, formally granting appellee's motion for summary judgment against appellants and the Barkers, and denying appellants' motion for summary judgment against appellee. The trial court found that appellants owed appellee $131,175.91 on their account, along with interest of 10 percent per year from May 23, 1989 to the present. The trial court further found that appellee's mortgage constituted "a good and valid first lien" on Tracts I and III, and that appellee was entitled to have the mortgage foreclosed, with appellants' equity of redemption forever barred, and the premises sold, with the proceeds applied in payment of appellee's judgment.[3] The trial court ordered that Tract III, which had belonged to appellants, be sold at foreclosure first, and if the net proceeds were insufficient to satisfy appellee's judgment, then Tract I, which had belonged to the Barkers, be sold at foreclosure to satisfy the remainder of appellee's judgment.[4]
 {¶ 9} Appellants now appeal, and assign the following as error:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred to the prejudice of the Johnsons when it failed to find as a matter of law that the mortgage was unenforceable, since the statute of limitations on the underlying claim had lapsed."
 {¶ 12} Appellants argue that the mortgage they executed to secure their open account with appellee is unenforceable, since the six-year statute of limitations applicable to such accounts has lapsed; therefore, the trial court erred in granting summary judgment in appellee's favor on its foreclosure action and in overruling their motion for summary judgment on that claim. We agree with this argument.
 {¶ 13} A mortgage is a conveyance of property to secure the performance of some obligation, which is designed to become void upon due performance thereof. Brown v. First Nat. Bank (1886), 44 Ohio St. 269, 274. In Ohio, a mortgage is characterized by statute as a "lien." See R.C.5301.31, 5301.39 to 5301.41. A mortgage is usually executed to secure the payment of money, such as an indebtedness; thus, a mortgage may be executed to secure the payment of an account. Kerr v. Lydecker (1894),51 Ohio St. 240, 254.
 {¶ 14} A mortgagee has three remedies available to enforce a mortgage or the obligation it secures: (1) an action on the debt or obligation secured by the mortgage; (2) an action to foreclose on the mortgage; and (3) an action in ejectment. 69 Ohio Jurisprudence 3d (2004) 371, 375 Mortgages and Deeds of Trust, Sections 256 and 260. These three remedies may be pursued either concurrently or successively. Id. at 375-376, Section 260.
 {¶ 15} In this case, appellee could not pursue an action on the open account secured by the mortgage, because appellants had their personal obligation stemming from that account discharged in the 1989 bankruptcy proceedings. Furthermore, appellee did not bring an action in ejectment concurrently with his foreclosure action; therefore, the issue of ejectment is not before us.
 {¶ 16} The remedy that appellee did choose, i.e., to foreclose on the mortgage at issue, is the one most frequently resorted to by mortgagees. See 69 Ohio Jurisprudence 3d 371, Mortgages and Deeds of Trust, Section 256. "An action to foreclose a mortgage and sell the mortgaged premises * * * is an action on a specialty and is therefore barred, under the statute of limitations as to an action on a specialty, [footnote omitted] 15 years after the condition contained in the mortgage is broken." [Footnote omitted.] 69 Ohio Jurisprudence 3d 472, Mortgages and Deeds of Trust, Section 349, citing, among other cases, Hopkins v. Clyde (1904),71 Ohio St. 141, Bradfield v. Hale (1902), 67 Ohio St. 316, and Kerr v.Lydecker (1894), 51 Ohio St. 240. See, also, R.C. 2305.06 ("[A]n action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued.") However, it has long been settled in this state that when a debt that is secured by a mortgage is barred by the statute of limitations, the mortgage securing the debt is also barred. See Hopkins, 71 Ohio St. at 149-150
(citing cases from several other jurisdictions, holding that when a debt that is secured by a mortgage is barred by the statute of limitations, the mortgage is also barred); and Lydecker, 51 Ohio St. at 255
(foreclosure action cannot be maintained on mortgage after an action on note secured thereby is barred by the statute of limitations). See, also, Bradfield, 67 Ohio St. at 322-323 (discussing the proposition that an action upon a mortgage may be met with the same statutory bar that applies to a suit to recover the debt it secures, but finding that principle inapplicable to the case before it, which involved an action in ejectment). The rationale for this rule is set forth in 69 Ohio Jurisprudence 3d (2004), 137, Mortgages and Deeds of Trust, Section 64, as follows:
 {¶ 17} "The dominant feature of a real estate mortgage is that it is security for an obligation to which it is collateral; therefore, the obligation secured is regarded as the primary obligation and the mortgage as merely incidental thereto. [Footnote omitted.] The lien of the mortgage can thus be no greater than the actual obligation secured. If the obligation is destroyed, the mortgage dies with it, [Evans v. Beaver
(1893), 50 Ohio St. 190, and Klein v. Clark (C.P. 1955), 59 Ohio Op. 286, 73 Ohio L. Abs. 130] for the incident cannot survive the thing to which it is incidental. [Id.]"
 {¶ 18} In this case, the statute of limitations on appellee's cause of action against appellants for nonpayment of the open account expired long before appellee brought the current foreclosure action. Open and running accounts[5] are a series of implied contracts, and the six-year statute of limitations for actions on unwritten contracts set forth in R.C.2305.07[6] applies to each item of the account; thus, each item of the account will be barred six years after the right of action on that item accrues. 66 Ohio Jurisprudence 3d (2002) 173, Limitations and Laches, Section 46. Here, the last item on the account, a returned check for $3,614.18, was listed on May 23, 1989. Thus, it is apparent that the statute of limitations on appellants' open account lapsed long before appellee brought this foreclosure action in January 2002. Consequently, appellee's action to foreclose on the mortgage securing that debt is also barred. See Hopkins, 71 Ohio St. at 149-150; Lydecker,51 Ohio St. at 255; and Bradfield, 67 Ohio St. at 322-323. Parenthetically, we note that this is an unusual case in that, in most instances, the debt secured by the mortgage will often be a promissory note, which, as a written contract, has a 15-year statute of limitations. R.C. 2305.06. In this case, by contrast, the debt secured was an open account, which is an unwritten contract governed by a six-year statute of limitations. R.C.2305.07. While the 15-year statute of limitations applicable to written contracts did not expire on the mortgage, the six-year statute of limitations applicable to unwritten contracts did expire on the open account, thereby rendering the mortgage that secured the open account, unenforceable.
 {¶ 19} Appellee argues that the loss of its remedy on the open account that was secured by the mortgage, "`does not necessarily affect the lien of the mortgage,'" appellee's brief at pages 7-8, citing 69 Ohio Jurisprudence 3d (2004) 137, Mortgages and Deeds of Trust, Section 64, and that "the `mortgage lien is not terminated by the barring of an action on the debt secured by the mortgage.'" Appellee's brief at page 8, citing 69 Ohio Jurisprudence 3d (2004) 346, Section 233. However, appellee's quotation from Ohio Jurisprudence is incomplete. That section actually states, in relevant part, as follows:
 {¶ 20} "The mortgage lien is not terminated by the barring of an action on the debt secured by the mortgage or of an action to foreclose the mortgage for there remains in the mortgagee his or her legal title[footnote omitted] and, thus, his or her right to maintain an action ofejectment. [Footnote omitted.]" (Emphasis added.) 69 Ohio Jurisprudence 3d 346, Mortgages and Deeds of Trust, Section 233. Hence, when a mortgagee is barred from bringing an action on the debt secured by the mortgage, there remains in the mortgagee his legal title in the mortgaged premises and, thus, his right to maintain an action in ejectment. Id. In this case, however, appellee did not bring an action in ejectment concurrently with its foreclosure action; therefore, as we stated earlier, that issue is not before us.
 {¶ 21} In its decision awarding appellee summary judgment on its foreclosure action, the trial court correctly acknowledged that when an action on the underlying obligation is barred by the statute of limitations, an action on the mortgage securing that obligation is also barred. The trial court also correctly acknowledged that open accounts are governed by a six-year statute of limitations. However, the trial court then found that the six-year statute of limitations for open accounts was extended to 15 years in this case by operation of R.C.2305.08, since the mortgage executed by appellants constituted "a sufficient acknowledgement of a debt to satisfy the requirements" of that statute. Appellee argues, as it did in the trial court, that the mortgage constitutes "a promise to pay" the open account and that, therefore, the statute of limitations on that account is extended to 15 years for that reason. We conclude, however, that the trial court's and appellee's reliance on R.C. 2305.08 is misplaced.
 {¶ 22} R.C. 2305.08 states:
 {¶ 23} "If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited by sections 2305.06 and 2305.07 of the Revised Code, after such payment, acknowledgement, or promise."
 {¶ 24} Under R.C. 2305.08, "[i]f there has been a written acknowledgement of any demand founded on a contract, or a promise to pay it has been made and signed by the party to be charged, an action may be brought on the acknowledgement or promise within the time limited by the statutes of limitations applicable to written and unwritten contracts after such acknowledgement or promise." 66 Ohio Jurisprudence 3d (2002) 282, Limitations and Laches, Section 137. In its decision granting appellee summary judgment, the trial court apparently ignored the fact that R.C. 2305.08 incorporates the six-year statute of limitations pertaining to unwritten contracts, set forth in 2305.07, as well as the 15-year statute of limitations pertaining to written contracts, set forth in 2305.06. The determination as to which of the two statutes of limitations apply is dependent upon the type of contract at issue. See R.C. 2305.08 ("[i]f payment has been made upon any demand founded on acontract, or a written acknowledgment thereof, or promise to pay it has been made and signed by the party to be charged * * *.") (Emphasis added.) Here, the contract at issue is the parties' open account. An open account is an unwritten contract to which the six-year statute of limitation applies. 66 Ohio Jurisprudence 3d (2002) 173, Limitations and Laches, Section 46. To the extent that the mortgage constitutes a "written acknowledgement" of the open account, as the trial court found, or a "promise to pay" the open account, as appellee contends, the acknowledgment or promise extends the statute of limitations on the open account, but it extends it only for a period of six years from the date the mortgage was executed, and not for a period of 15 years as found by the trial court. See First Nat. Securities Corp. v. Hott (1954),162 Ohio St. 258, 262 (while a writing acknowledging an oral contract may have extended the statute of limitations for that oral contract, it did not convert that oral contract into a written one subject to the 15-year statute of limitations applicable to written contracts; instead, the six-year statute of limitations applicable to oral contracts still applied). Consequently, the trial court erred in finding that R.C. 2305.08
extended the statute of limitations on the open account to 15 years under the facts of this case.
 {¶ 25} In light of the foregoing, the trial court erred by awarding summary judgment in favor of appellee, and by not awarding summary judgment to appellants.
 {¶ 26} Appellants' first assignment of error is sustained.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "The trial court erred to the prejudice of the Johnsons when it failed to find as a matter of law that the mortgage was unenforceable based on lack of consideration and failure of consideration."
 {¶ 29} Assignment of Error No. 3:
 {¶ 30} "The trial court erred to the prejudice of the Johnsons by granting summary judgment in favor of the appellee when genuine issues of fact exist."
 {¶ 31} Appellants' second and third assignments of error have been rendered moot by our disposition of appellants' first assignment of error. Therefore, we need not rule on them. See App.R. 12(A)(1)(c).
 {¶ 32} The trial court's decision granting summary judgment in favor of appellee is reversed. Pursuant to App.R. 12(B), appellants are hereby granted summary judgment as to appellee's foreclosure action.
Powell, P.J., and Walsh, J., concur.
[1] Also named as a defendant in the action was the Preble County Treasurer, who claimed that real estate taxes were owed on all three of the tracts of land.
[2] In support of this argument, appellee cited Seabrooke v. Garcia
(1982), 7 Ohio App.3d 167. Appellants now concede, on appeal, that "[b]ankrutpcy law provides that the lien of a debt secured by property of the debtor survives a Chapter 7 discharge, even though the debtor's personal liability is discharged."
[3] As previously stated, appellee agreed that the Leaches' and Towne Bank's interest in Tract II was superior to its interest in Tract II.
[4] The trial court also found that the Preble County Treasurer had a lien upon Tract I for current and delinquent real estate taxes of $4,976.84, and a lien upon Tract III for current real estate taxes of $991.72. The trial court ruled that these liens constituted the "first and best lien" upon Tract I and Tract III, and, therefore, had priority over appellee's liens on those properties.
[5] An "open account" is defined as "[a]n unpaid and unsettled account" and "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." Black's Law Dictionary (8th Ed. 2004) 20. A "running account" is defined as "[a]n open, unsettled account that exhibits the reciprocal demands between the parties." Id.
[6] R.C. 2305.07 states, in pertinent part: "[A]n action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."