**CITIMORTGAGE, INC., Appellant,**

v.

**GUTHRIE et al., Appellees.**

[Cite as *CitiMortgage, Inc. v. Guthrie,* 175 Ohio App.3d 115, 2008-Ohio-583.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90166.

Decided Feb. 14, 2008.

116

---

Plunkett & Cooney, P.C., and Amelia A. Bower;  Lerner, Sampson & Rothfuss Co., L.P.A., and Anita L. Maddix, for appellant.

Mark Guthrie, pro se.

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Plaintiff-appellant, CitiMortgage, Inc., appeals the decision of the Cuyahoga County Court of Common Pleas that denied appellant's motion to vacate the foreclosure decree and file an amended complaint. Finding error in the proceedings below, we reverse and remand.

{¶ 3} In December 2005, Mark Guthrie, defendant-appellee, signed a contract to purchase the real property located at 2038 Belle Avenue in Lakewood, Ohio. The seller of the property signed a warranty deed conveying her interest in the property to Mark Guthrie and Terri Guthrie, husband and wife, on January 4, 2006. The warranty deed was recorded the next day.

{¶ 4} On January 4, 2006, Mark Guthrie, described as a married person, executed a promissory note and mortgage deed in favor of CitiMortgage, Inc. The promissory note was not signed by his wife; however, the mortgage deed was signed by Mark and Teresa A. Guthrie. The mortgage deed was recorded concurrently with the warranty deed.

{¶ 5} Mark Guthrie defaulted under the terms of the promissory note, causing appellant to file a foreclosure action in December 2006. The Guthries were served with the summons and complaint. The Guthries did not answer or otherwise plead. Appellant filed a motion for default judgment pursuant to Civ.R. 55. A hearing on appellant's motion for default was set by the court. Following the hearing, an order was entered permitting appellant to submit a brief on the question of whether Terri Guthrie and Teresa A. Guthrie were the same person. Appellant filed a brief.

{¶ 6} At the next hearing, the court ordered the appellant to provide a proposed magistrate's decision that would foreclose only the husband's interest in the property.

{¶ 7} The court then granted the motion for default judgment, stating that "the magistrate will issue a magistrate's decision making specific findings as to the rights and liabilities of the parties." The magistrate's decision found that all necessary parties had been served and that Terri Guthrie was the same person as Teresa A. Guthrie, and also ordered that the mortgage deed be reformed to accurately reflect the marital status of the Guthries. The court adopted the magistrate's decision ordering foreclosure only on Mark Guthrie's "one-half interest" in the property.

{¶ 8} Appellant filed a motion to amend the complaint and to vacate the foreclosure decree. The motion was denied. This appeal followed.

**118**

■ {¶ 9} As an initial matter, we must address our previous dismissal of this appeal. Originally, this court dismissed this appeal sua sponte for two reasons. First, the brief that was filed by appellant was missing the pages containing the argument, thus violating App.R. 16(A)(7). Second, we found that the motion to vacate was effectively a motion to amend the complaint and thus not a final, appealable order. Appellant filed a motion to reconsider, attaching the missing brief and arguing that it was a final, appealable order. For the following reasons, we agree that it is a final, appealable order. R.C. 2505.02 states:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 10} The denial of the motion to vacate prevented appellant from obtaining a judgment against Terri, a.k.a. Teresa, Guthrie's "one-half interest" in the property at issue. Therefore, the denial of the motion to vacate and amend the complaint is a final, appealable order.

{¶ 11} Appellant advances one assignment of error for our review:

{¶ 12} "The trial court erred in denying appellant's unopposed motion to vacate and for leave to file amended complaint."

{¶ 13} Appellant argues that the trial court abused its discretion when it denied appellant's motion to vacate the decree and for leave to amend the complaint. Appellant requests that this court find that Terri Guthrie and Teresa A. Guthrie are the same person and that the decree be vacated to permit the foreclosure to proceed against the entire fee simple interest in the property.

■ {¶ 14} The standard of review on appeal for a motion to vacate, pursuant to Civ.R. 60(B), is an abuse of discretion. *Countrywide Home Loans v. Barclay*, Franklin App. No. 04AP–171, 2004-Ohio-6359, 2004 WL 2715904. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ {¶ 15} In this case, Mark Guthrie and Terri Guthrie, husband and wife, each held a joint and survivorship interest in the property, evidenced by the warranty deed. Only Mark Guthrie signed the promissory note; however, both Mark Guthrie and Teresa A. Guthrie signed the mortgage deed encumbering the real property at 2038 Belle Avenue in Lakewood, Ohio. A mortgage is a conveyance of property to secure the performance of some obligation, which is designed to become void upon due performance thereof. *Barnets, Inc. v. Johnson*, Preble App. No. CA2004–02–005, 2005-Ohio-682, 2005 WL 406205,

citing *Brown v. First Natl. Bank* (1886), 44 Ohio St. 269, 274, 6 N.E. 648. In Ohio, a mortgage is characterized by statute as a "lien." See R.C. 5301.31 and 5301.39 to 5301.41. A mortgage is usually executed to secure the payment of money. *Barnets,* supra. Here, the mortgage deed was executed to secure the repayment of the mortgage loan, which is evidenced by the promissory note. Appellant is the holder of the promissory note and the mortgage deed.

{¶ 16} "[D]ue process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections." *Galt Alloys, Inc. v. KeyBank Natl. Assn.* (1999), 85 Ohio St.3d 353, 357, 708 N.E.2d 701.

{¶ 17} A party may apply for a default judgment pursuant to Civ.R. 55(A) when the opposing party fails to plead or otherwise defend in accordance with the Civil Rules.

{¶ 18} Here, both Guthries held a joint and survivorship interest in the property. Both Guthries signed the mortgage deed that mortgages, grants, and conveys to appellant the Guthries' interest in the property at 2038 Belle Avenue, Lakewood, Ohio. Because both Guthries had an interest in the property, both had to be notified of the foreclosure proceedings.

{¶ 19} The magistrate's decision states:

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that defendants Mark Guthrie and Terri Guthrie aka Teresa A. Guthrie are default of answer or other pleading and thereby confess the allegations of the complaint to be true.

{¶ 20} According to the magistrate's decision, which was adopted by the court, all necessary parties were served, and both Guthries failed to file an answer, thus admitting the allegations in the foreclosure complaint. As a result, a default judgment may be entered against the Guthries in favor of appellant for the entire fee simple interest in the property at 2038 Belle Avenue, Lakewood, Ohio. See Civ.R. 55(A).

{¶ 21} Nevertheless, the court adopted the magistrate's decision ordering foreclosure on only Mark Guthrie's "one-half interest," finding that "said defendants are forever barred from asserting any right, title or interest in and to the undivided one-half interest of Defendant Mark Guthrie, only, in the hereinafter-described premises."

{¶ 22} The magistrate continued:

The Magistrate finds that it was the intention of the parties to the mortgage transaction to include the marital status of defendants Mark Guthrie and Terri Guthrie aka Teresa Guthrie, as husband and wife, but through clerical error and mutual mistake, the marital status was omitted. The Magistrate concludes that the Plaintiff is entitled to have the mortgage deed reformed to accurately set forth the marital status of the defendants Mark Guthrie and Terri Guthrie aka Teresa Guthrie, as husband and wife, and said mortgage deed is ordered reformed.

{¶ 23} Although the court adopted the magistrate's decision finding that all necessary parties had been served and that Terri Guthrie was the same person as Teresa A. Guthrie, and reformed the mortgage deed to accurately reflect the marital status of the Guthries, the magistrate still inexplicably found that the mortgage deed encumbered only a "one-half interest" in the property and ordered foreclosure only upon the undivided "one-half interest" of Mark Guthrie. We conclude that the trial court abused its discretion when it did not vacate its decree because the decree is nonsensical.

{¶ 24} There is no reason in the record to conclude that appellant secured a mortgage deed for "one-half the interest" in the property. Mark Guthrie purchased the property for $136,500, and appellant loaned Mark Guthrie $136,500 for the purchase of that property. The mortgage deed was properly signed by both Guthries, encumbering the entire fee simple interest in the property. Therefore, it was error for the court to adopt the magistrate's decision granting a decree of foreclosure as to only Mark Guthrie's "one-half interest" in the property.

{¶ 25} Accordingly, we sustain appellant's sole assignment of error.

{¶ 26} As a result, we reverse the trial court's denial of appellant's motion to vacate the foreclosure decree. We remand the cause to the lower court to vacate the foreclosure decree as it pertains to only Mark Guthrie's "one-half interest," and we instruct the court to issue a decree of foreclosure as to the entire fee simple interest in the property.

Judgment reversed<br>and cause remanded.

CALABRESE and ROCCO, JJ., concur.