[Cite as *Bank of New York Mellon v. Walker*, 2017-Ohio-535.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104430**

# BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

# PHENON WALKER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-806009

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEYS FOR APPELLANTS**

Rick L. Brunner
Patrick M. Quinn
Brunner Quinn
35 N. Fourth Street, Suite 200
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

**For Bank of New York Mellon Trust Company, N.A.**

Rick D. DeBlasis
Lerner, Sampson & Rothfuss
120 E. Fourth Street, 8th Floor
Cincinnati, Ohio 45202

Craig A. Thomas
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

**Also Listed**

**For State of Ohio Department of Taxation**

Nicole R. Randall
150 E. Gay Street, 21st Floor
Columbus, Ohio 43215

**For United States of America**

Lori White Laisure
Assistant United States Attorney
U.S. Courthouse, Suite 400
801 W. Superior Avenue
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellants, Phenon Walker and Whole Sailing, L.L.C., appeal the grant of summary judgment and foreclosure in favor of appellee, Bank of New York Mellon Trust Company, N.A. ("Bank of New York"). Appellants argue that the trial court erred in adopting the magistrate's decision because the statute of limitations barred recovery, Bank of New York lacked standing, and Bank of New York had not satisfied all the conditions precedent necessary for foreclosure. After a thorough review of the facts and law, this court affirms in part, reverses in part, and remands.

## I. Factual and Procedural History

{¶2} Walker executed a note in the amount of $975,000 that was secured by a mortgage on real property located at 13880 Edgewater Drive, Lakewood, Ohio. Bank of New York filed a complaint for foreclosure on April 29, 2013, alleging that Walker was delinquent on a note held and enforceable by Bank of New York. By that time, Whole Sailing, L.L.C., was the record owner of the property. This appears to be a company owned by Walker. The complaint alleged that Walker was delinquent as of June 1, 2004. Bank of New York attached a copy of the note and mortgage as well as records of assignments up to and including an assignment to Bank of New York.

{¶3} Appellants responded with a motion to dismiss based on a lack of standing, violations of the federal Fair Debt Collection Practices Act, statute of limitations, and the failure to name necessary parties. The court denied the motion. After filing separate

answers, appellants then responded with a motion for summary judgment arguing that Bank of New York's claims were time-barred. The magistrate denied the motion, noting that the date of acceleration remained a material question of fact necessary to determine when the statute of limitations began to accrue.

{¶4} On September 26, 2014, Bank of New York then filed its own motion for summary judgment. It argued that Walker was delinquent on the note. It also asserted that it sent Walker a notice of default on November 26, 2012. On December 11, 2014, Walker filed a motion for a continuance to obtain legal counsel because her attorney had died. The trial court granted the motion in part and indicated that it would give appellants until January 12, 2015, to file a response. A notice of appearance was filed on January 7, 2015. On January 16, 2015, the magistrate issued an opinion finding Bank of New York was entitled to summary judgment. No brief in opposition or request for an extension appears on the docket prior to the magistrate's decision.

{¶5} However, after some confusion was discovered as to the motion for summary judgment and the death of Walker's counsel, the magistrate set aside the decision for summary judgment in favor of Bank of New York to allow appellants an opportunity to respond. Appellants filed a brief in opposition and their own motion for summary judgment. Appellants' motion for summary judgment was stricken by the court for failing to follow the schedule set by the court. In opposing summary judgment, appellants did not dispute the validity of the debt, but asserted that the current action was barred by the applicable statute of limitations. The magistrate found Bank of New York

was entitled to summary judgment. On April 6, 2016, the trial court adopted the magistrate's decision finding that appellants did not support the affirmative defense of statute of limitations with admissible evidence. Therefore, the court ruled, Bank of New York was entitled to judgment.

{¶6} Appellants then filed this appeal raising three errors for review:

I. The trial court erred in finding the statute of limitations under R.C. 1303.16(A) did not apply to the foreclosure of the note.

II. The trial court erred in finding the [Bank of New York] was entitled to foreclosure under *Holden* or *Najar*.

III. The trial court erred in finding the [Bank of New York] was entitled to foreclosure as it did not comply with all conditions precedent as required under *Vengal*.

## II. Law and Analysis

### A. Standard of Review

{¶7} Summary judgment, according to Civ.R. 56, is appropriate only when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and the evidence is such that reasonable minds can come to only one conclusion when viewing the evidence in a light most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). This court normally reviews summary judgment de novo, or without deference to the trial court's decision. *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

**{¶8}** However, this case involves the trial court's adoption of a magistrate's decision after no objections were filed. Therefore, a different standard of review applies. *Fannie Mae v. Ford*, 2016-Ohio-919, 61 N.E.3d 524, ¶ 10 (8th Dist.). *See also In re S.H.*, 8th Dist. Cuyahoga No. 100911, 2014-Ohio-4476. Where a magistrate issues a written opinion with findings of facts and conclusions of law, a party that fails to timely bring any claimed errors to the trial court's attention waives them. *Id.* at ¶ 12, citing, *S.J. v. J.T.*, 6th Dist. Lucas No. L-11-1011, 2011-Ohio-6316, ¶ 8. Therefore, a plain error standard applies. "Plain error is not favored and is only applicable in rare cases where the error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *S.H.* at ¶ 12, quoting *S.J.* at ¶ 8, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

### B. Statute of Limitations

**{¶9}** Below, it was disputed which statute of limitations applied to the note in this case. This court has previously addressed the appropriate statute of limitations that applies to negotiable instruments such as the note in this case. *Mohammad v. Awadallah*, 8th Dist. Cuyahoga No. 97590, 2012-Ohio-3455. If the instrument in question bears the hallmarks of a negotiable instrument, then R.C. 1303.16 governs despite the fact that the note constitutes a written contract as well. *Id.* at ¶ 18. In this appeal, the parties now agree that the note in question constitutes a negotiable instrument under Ohio's version of the Uniform Commercial Code, and therefore, R.C. 1303.16 applies.

{¶10} The date of acceleration or the natural maturity date of the instrument is the triggering event for the statute of limitations under R.C. 1303.16. "Except as provided in division (E) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." R.C. 1303.16(A). While there are limited cases in Ohio interpreting acceleration under R.C. 1303.16(A), courts in other states have noted, in applying UCC 3-118, that acceleration generally requires a separate act, aside from a mere failure to meet a due date, especially when there is language in the note that the lender may give notice of acceleration due to non-payment. *Thompson v. D.A.N. Joint Venture III, L.P.*, M.D. Ala. No.1:05-CV-938-TFM, 2007 U.S. Dist. LEXIS 10849, *9 (Feb. 13, 2007) (a debt "does not mature for the purpose of the statute of limitations" until the last installment is due and unpaid if the note contains an acceleration clause that may be, but is not, exercised by the creditor); *Florian v. Lenge*, 91 Conn. App. 268, 880 A.2d 985, 994 (Conn.App.2005) ("[w]hen acceleration of the total unpaid debt is optional on the part of the holder of a note, and the holder has given no indication to the debtor that the entire balance is presently due, the cause of action does not accrue until that balance is due pursuant to the particular note or the holder has notified the

debtor of an earlier date") (Citation Omitted). *See also Boulder Capital Group, Inc. v. Lawson*, 2nd Dist. Clark No. 2014-CA-58, 2014-Ohio-5797, ¶ 16 (where a lender had the option to accelerate a debt, such a provision was not self-executing and "[a]cceleration did not and could not take place until the holder exercised the option") (Citation Omitted). *Bank of New York Mellon v. DePizzo*, 2015-Ohio-4026, 42 N.E.3d 1218, ¶ 18 (11th Dist.).

{¶11} Therefore, some affirmative action on the part of the lender is required to demonstrate an acceleration. The filing of a foreclosure action is such an affirmative action because acceleration is required as a condition precedent to a foreclosure filing. *United States Bank N.A. v. Aguilar-Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 40, citing *Huntington Bank v. Popovec*, 7th Dist. Mahoning No. 12 MA 119, 2013-Ohio-4363, ¶ 15; *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13; *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20.

{¶12} Here, the trial court found that the only properly submitted evidence of when the note was accelerated was a notice sent to appellants from Bank of New York, dated November 26, 2012, indicating that if payment was not made in 30 days, the amount due could be accelerated. Contrarily, appellants filed an affidavit on September 26, 2014, from James R. Douglass. There, he averred that he obtained certified records from the Cuyahoga County Clerk of Courts that were attached to the affidavit. The

certified records that were attached were complaints from previous foreclosure filings in 2004 and 2007. However, appellants did not attach these records to their final opposition to summary judgment, but did quote from those documents. The magistrate and trial court found that appellants submitted no admissible evidence about when the statute of limitations began to run. This was clearly contrary to the record in this case and constitutes plain error.

{¶13} In *DePizzo*, the Eleventh District found that an allegation that a previous foreclosure filing did not necessarily trigger an acceleration when there was no evidence of how that previous filing was terminated. *DePizzo*, 2015-Ohio-4026, 42 N.E.3d 1218, at ¶ 25. This decision, made at the pleading stage, indicated that the trial court could not, as a matter of law, determine from the face of the complaint that the action was barred by the statute of limitations. *Id*. However, the court recognized that a previous foreclosure filing could indicate an acceleration occurred. *Id*. at ¶ 22-25.

{¶14} Taking these previous foreclosure filings into consideration, there is a material question of fact about the acceleration date. In the previous filings, entities in privity with Bank of New York acknowledged in the complaints that all conditions precedent to foreclosure were satisfied. An acceleration is one such condition. *Aguilar-Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391 at ¶ 40. However, Bank of New York argues that appellants did not indicate how these earlier foreclosure filings terminated, and therefore, are not conclusive on acceleration. Bank of New York further argues that without a judicial determination, there can be no acceleration.

**{¶15}** The complaints themselves indicate an acceleration occurred and that all conditions precedent were satisfied. Bank of New York or those in privity with it have made a sworn statement in another judicial proceeding that the entire balance due under the note had been accelerated. Where a party takes a position in a judicial proceeding, judicial estoppel can prevent that party from taking an inconsistent position in a subsequent action. *Fish v. Bd. of Commrs.*, 13 Ohio St.2d 99, 102, 234 N.E.2d 590 (1968) ("[The Board of Commissioners] thus elected to assert one of two inconsistent substantive rights; and, especially after having been successful in the assertion of that right in a judicial proceeding, cannot now assert the other inconsistent right in a judicial proceeding."). However, judicial estoppel only applies where the position was accepted by the court. *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25.

**{¶16}** It is true that appellants did not provide the trial court with information about the termination of those previous foreclosure actions. Therefore, the doctrine of judicial estoppel may not apply here, but that remains a material question of fact. Further, if those actions ended in settlement, then an acceleration may have been rescinded. However, the date of accrual of delinquent payments and interest is the same in those previous foreclosure filings and the instant complaint. Therefore, it is unlikely that a settlement or reinstatement of the loan occurred following the foreclosure filing. In any event, there are material questions of fact left to determine the date of acceleration.

{¶17} In this case, it cannot be said that, as a matter of law, acceleration did not occur as a result of the previous foreclosure filings. Through properly submitted records from previous foreclosure filings, appellants have demonstrated that material questions of fact remain about the date of acceleration. The trial court erred in holding that appellants did not prove their affirmative defense when, at this stage of the litigation, they only have to show there are material questions of fact. As such, Bank of New York is not entitled to judgment as a matter of law.

{¶18} Even if Bank of New York can no longer obtain a judgment on the note, the mortgage still provides an avenue for relief. "[T]he bar of the note, or other instrument secured by mortgage, does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894). This is because, as a result of a recent Ohio Supreme Court decision, the mortgage is governed by a different statute of limitations.

{¶19} The mortgagee may bring an action in ejectment that is governed by a 21-year limitations period as set forth in R.C. 2305.04. *See Bradfield v. Hale*, 67 Ohio St. 316, 65 N.E. 1008 (1902). *See also Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.2d 1243, ¶ 23 ("the mortgagee may bring an action in ejectment to take possession of the mortgaged property, receive the income from it, and apply the proceeds to the debt, restoring the property to the mortgagor when the debt is satisfied."). The mortgagee also has the option of bringing a foreclosure action based on the mortgage. *Holden* at ¶ 24. A mortgage is a specialty, and as such, is

governed by a different statute of limitations than a negotiable instrument. *Bradfield* at 322. Former R.C. 2305.06, at the time the instrument was created, stated, "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."[1] Therefore, even if Bank of New York is unable to obtain a judgment on the note, they still have a remedy in ejectment or to obtain a judgment on the mortgage through a foreclosure action under the longer statute of limitations, which has not yet expired.

{¶20} The Ohio Supreme Court recently addressed the rights of a mortgagee that could no longer obtain a judgment on a note, but still held the note and was a party entitled to enforce the note. *Holden.* The court recognized, an action on a promissory note is different from an action on a mortgage securing the note and that the two actions are separate and distinct remedies to collect a debt. While the party entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the maker on that obligation, the mortgagee — or its successors and assigns — has standing to foreclose a mortgage and pursue a judicial sale to recover any amounts owed under the mortgage, as evidenced by the deficiency on the note.

---

[1] The period set forth in the current statute is eight years, but the statute and uncodified portions of the legislation indicate it is not to apply retroactively.

*Id*. at ¶ 2.  *Contra Lydecker* at 254-255 ("But when a note is secured by mortgage, the statute of limitations as to both is the same; and therefore the mortgage will be available as a security to the note in an action for foreclosure and sale until the note shall be either paid or barred by the statute; but in such case an action for foreclosure and sale can not be maintained on the mortgage after an action on the note shall be barred by the statute of limitations.").  The *Holden* court found that the mortgagee could enforce its interest and was entitled to foreclosure on the mortgage even though the note secured by the mortgage was discharged in bankruptcy.  *Holden* at paragraph two of the syllabus.  The court held the lender "must still demonstrate that it is the party entitled to enforce the note — regardless of whether it can obtain a personal judgment on it against the [borrower]."  *Id*. at ¶ 27.  This casts serious doubt on long-standing law in this state.

> **{¶21}** For example, the Twelfth District set forth the proposition that,

> it has long been settled in this state that when a debt that is secured by a mortgage is barred by the statute of limitations, the mortgage securing the debt is also barred. *See Hopkins* [*v. Clyde*], 71 Ohio St. [141,] 149-150[, 72 N.E. 846 (1904)] (citing cases from several other jurisdictions, holding that when a debt that is secured by a mortgage is barred by the statute of limitations, the mortgage is also barred); and *Lydecker*, 51 Ohio St. at 255 (foreclosure action cannot be maintained on mortgage after an action on note secured thereby is barred by the statute of limitations).  *See, also, Bradfield*, 67 Ohio St. at 322-323 (discussing the proposition that an action upon a mortgage may be met with the same statutory bar that applies to a suit to recover the debt it secures, but finding that principle inapplicable to the case before it, which involved an action in ejectment).  The rationale for this rule is set forth in 69 Ohio Jurisprudence 3d (2004), 137, Mortgages and Deeds of Trust, Section 64, as follows:

> > "The dominant feature of a real estate mortgage is that it is security

> > for an obligation to which it is collateral; therefore, the obligation secured is

regarded as the primary obligation and the mortgage as merely incidental thereto. [Footnote omitted.] The lien of the mortgage can thus be no greater than the actual obligation secured. If the obligation is destroyed, the mortgage dies with it, [*Evans v. Beaver* (1893), 50 Ohio St. 190, 33 N.E. 643, and *Klein v. Clark* (C.P.1955), 59 Ohio Op. 286, 73 Ohio L. Abs. 130, 135 N.E.2d 85] for the incident cannot survive the thing to which it is incidental. [*Id.*]"

*Barnets, Inc. v. Johnson*, 12th Dist. Preble No. CA2004-02-005, 2005-Ohio-682, ¶ 16-17. The reasoning for that well-settled proposition is no longer true after *Holden*.

**{¶22}** Here, as in *Holden*, if the statute of limitations bars recovery on the note, Bank of New York is a party entitled to enforce the note, but cannot obtain a judgment on it. Bank of New York is in the same position as Deutsche Bank in *Holden*. *Holden* makes clear that there are separate remedies attendant to the mortgage, which means the mortgage is no longer a mere incident to the note.

**{¶23}** This court is hesitant to extend *Holden* beyond the bankruptcy context, but there is no language in that opinion that would strictly limit the available remedies beyond the context addressed there. The rationale applies equally here: where a party cannot obtain a judgment on the note because of an infirmity that applies only to the note, the party may still seek to enforce the valid obligations contained within the mortgage, including ejectment or foreclosure.

**{¶24}** Therefore, Bank of New York, if unable to enforce the note due to the expiration of the statute of limitations, is still entitled to enforce the mortgage under the longer, unexpired period for a specialty set forth in former R.C. 2305.04. Bank of New York's second cause of action in its complaint sought foreclosure of the mortgage and it has demonstrated that it is entitled to that relief. The trial court properly granted summary judgment on that claim. Appellants' first assignment of error is sustained in part and overruled in part.

### C. Standing

**{¶25}** Appellants next argue that Bank of New York lacked standing necessary for the requested relief in this action under two cases — *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, and *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243.

**{¶26}** Standing is necessary to invoke the jurisdiction of the court and turns on whether a plaintiff "has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Generally, that means an injury that results from another's allegedly unlawful conduct for which the court may grant relief. *Sonis v. Rasner*, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 45 (8th Dist.).

**{¶27}** Here, while appellants now dispute that Bank of New York lacks standing to enforce the mortgage, appellants did not do so in objections to the magistrate's decision

below, and did not bring this argument to the attention of the trial court at the appropriate time. Therefore, they have waived all but plain error.[2]

{¶28} Bank of New York provided a chain of recorded assignments that facially demonstrated entitlement to enforce the mortgage. The mortgage instrument lists Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First National Bank of Arizona as the mortgagee. The recorded assignments provided by Bank of New York indicate that in 2006, the mortgage was assigned by MERS, as nominee for First National Bank of Arizona to JPMorgan Chase Bank as Trustee, "c/o Residential Funding Corporation." The mortgage was then assigned to Bank of New York by JPMorgan Chase in 2008. Under a plain error review, Bank of New York is entitled to enforce the mortgage and foreclosure. Appellants' second assignment of error is overruled.

### D.   Conditions Precedent

{¶29} Appellants finally argue that Bank of New York failed to satisfy necessary conditions precedent to obtain the requested relief. Again, appellants failed to raise this as an issue in any objections to the magistrate's decision. Therefore, appellants have waived all but plain error.

{¶30} To prevail on a motion for summary judgment claim in a foreclosure action, the plaintiff must prove:

---

[2] *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23, dispenses with the notion that a lack of standing is equivalent to a lack of subject-matter jurisdiction that can be raised at any time. Therefore, the plain error standard applies to this claim.

(1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 17.

**{¶31}** Appellants claim that the affidavit averring that a demand letter was sent and that no payments were forthcoming is deficient in that it does not indicate when or how the demand letter was sent and does not indicate if the mortgage requires proof of mailing. *See New York Life Ins. & Annuity v. Vengal*, 2014-Ohio-4798, 23 N.E.3d 180 (8th Dist.).

**{¶32}** However, the statement in the affidavit of Michelle Cramptons references an attached demand letter that was mailed and indicates a demand for payment was made and no payments were forthcoming. The demand letter was dated November 26, 2012. The mortgage does not require proof of mailing, and nothing exists in the record to rebut the allegation that the demand letter was sent and received by appellants. Reviewing for plain error, the affidavit and notice were sufficient to demonstrate Bank of New York satisfied this condition precedent. Therefore, no plain error exists in this regard. Appellants' third assignment of error is overruled.

### III.  Conclusion

**{¶33}** The trial court committed plain error when it found that appellants submitted no admissible evidence of previous foreclosures when appellants filed an affidavit in this case with certified records from the clerk of courts attached. Those complaints indicate

that a demand of the entire amount of the loan had previously been made. A material question of fact exists as to the acceleration date. Therefore, the court erred in granting summary judgment on Bank of New York's action on the note. However, the court did not commit plain error when ruling that Bank of New York was entitled to enforce the mortgage because it constitutes a separate action governed by a longer statute of limitations. Even assuming appellants are correct about the date of acceleration, Bank of New York is entitled to enforce the mortgage and appellants failed to demonstrate plain error exists on this point. Therefore, this part of the trial court's decision is affirmed. Finally, Bank of New York has facially satisfied standing requirements and the conditions precedent to entitle them to foreclosure. Appellants have not demonstrated that plain error exists in this regard.

**{¶34}** This cause is affirmed in part, reversed in part, and remanded to the common pleas court for further proceedings consistent with this opinion.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR